GEORGE W. VAN SLYKE, Appellant, *v.* JOHN S. BUSH et al., Respondents.

Defendants executed a bond as sureties for C., an assignee for the benefit of creditors, by which they undertook that the assignee "should faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee." In an action upon the

bond, *held,* that defendants were liable for the proper administration of the fund which came into the hands of the assignee; that their liability extended not merely to his rendering an account of the moneys in his hands, but also to the making of distribution according to the terms of any lawful decree upon the final accounting.

The assignee was directed by the decree, upon his accounting, to pay to plaintiff a specified sum for services rendered by him as attorney on the employment of the assignee "in the care, protection and preservation of the assigned estate;" the latter had the sum so appropriated, of the proceeds of the assigned estate, in his hands at the time of the accounting, but declined to pay the same. *Held,* that the obligation of the sureties extended to this fund; that by the operation of the decree the portion of the assigned estate so appropriated was discharged from the claims of general creditors and plaintiff was entitled thereto; that the court had jurisdiction to make the decree and, if it was not justified by the circumstances the remedy was by appeal.

Also *held,* it was immaterial that the decree was not conclusive upon plaintiff as to the amount of his compensation; that he accepted the provision of the decree by bringing suit, and thereby became a party in interest and entitled to prosecute the bond for his benefit.

The provision of the Assignment Act of 1877 (Laws of 1877, chap. 466, § 9) in reference to the prosecution of the assignor's bond does not limit the right to the benefit of the bond exclusively to the original creditors of the assignor.

*It seems,* said provision was primarily to prevent one creditor gaining undue priority over another, by first procuring the bond to be prosecuted.

*Van Slyke* v. *Bush* (24 J. & S. 478), reversed.

(Argued June 9, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 5, 1889, which affirmed a judgment in favor of defendants, sustaining a demurrer to the complaint entered upon a decision of the court on trial at Special Term.

This action was brought against defendants as sureties upon the bond of Robert Campbell, assignee for the benefit of creditors of Riley A. Brick.

The facts, so far as material, are stated in the opinion.

*Wheeler H. Peckham* for appellant. The complaint shows a perfectly valid claim against the estate. (*Randall* v. *Dusen-*

bury, 7 J. & S. 174; 63 N. Y. 645; *Noyes* v. *Blakeman*, 6 id. 567, 580; *Stanton* v. *King*, 8 Hun, 4; *New* v. *Nicol*, 73 N. Y. 131; 2 Perry on Trusts, §§ 475, 476; *Casoni* v. *Jerome*, 58 N. Y. 321; *Mark* v. *Avery*, 81 id. 29; *In re Rosebeck*, 10 Daly, 128; *In re Stockbridge,* Id. 33, 119; 81 N. Y. 29; *Vilas* v. *Page*, 106 id. 451.) Whatever may have been the nature of plaintiff's claim before the decree, after the decree the claim becomes one against the estate, and binds the assignee as a trustee. (2 Perry on Trusts, § 474.) The plaintiff has a remedy against the sureties upon the bond, even assuming that the Assignment Act gives him no right to prosecute the bond. (*Williams* v. *Kiernan*, 25 Hun, 355; *Haines* v. *Meyer*, 25 id. 414.)

*Francis B. Chadsey* for defendant Bush. The provisions of the decree, made on the assignee's accounting, directing the assignee " to pay from the funds in his hands, as assignee, within thirty days from the entry of said decree to the plaintiff, the attorney for the said assignee, the sum of $2,123.37, with interest thereon from the 30th day of March, 1886," was clearly intended for the benefit and protection of the assignee. (*In re Worthley*, 10 Daly, 12.) The court was without jurisdiction in the accounting proceedings of the assignee to render a judgment against the assignee upon a claim contracted, not by the assignor, but by the assignee. (Laws of 1877, chap. 466; Laws of 1878, chap. 318, § 20; *Seaman* v. *Whitehead*, 78 N. Y. 306; *Austin* v. *Munro*, 47 id. 360; *Ferrin* v. *Myrick*, 14 id. 315; *Schmittler* v. *Simon*, 101 id. 554.)

*John H. Corwin* and *E. C. Pearson* for defendant Camp. The defendants are sued as sureties; hence, their liability must be limited to the express terms of their contract, and their obligation must be construed strictly and favorably to them. (*Ward* v. *Stahl*, 81 N. Y. 406; *N. M. B. Assn.* v. *Conkling*, 90 id. 116; *People* v. *Chalmers*, 60 id. 154–158.) The decree was not intended to clothe the plaintiff with any legal rights, but was intended solely for the benefit of the

assignee and should be so construed. (*In re Worthley*, 10 Daly, 12; *In re Johnson*, Id. 123; *In re Carrick*, 13 id. 181; *In re Hazard*, 17 N. Y. S. R. 26; *Seaman* v. *White-head*, 78 N. Y. 306; *Devin* v. *Patchin*, 26 id. 441.) But if this decree could by any means be construed to give the plaintiff a cause of action against the defendants, it would so far be void, as in excess of the power of the court. (*Frees* v. *Ford*, 6 N. Y. 176; *Risley* v. *P. Bank*, 83 id. 318; *C. Bank* v. *Judson*, 8 id. 254; *People* v. *Liscomb*, 60 id. 559, 570–573.)

*Per Curiam.* The sureties, by the terms of the contract, undertook that the assignee Campbell "should faithfully execute and discharge the duties of such assignee and duly account for all moneys received by him as such assignee." It is alleged in the complaint and admitted by the demurrer that the sum of $2,769.45, which, by the decree on the accounting the assignee was directed to pay to the plaintiff, was in his hands as assignee at the time of the accounting, being part of the proceeds of the assigned estate, but that he has not obeyed said decree, but has paid no part of that sum except $1,250. The decree appropriated this fund to discharge the claim of the plaintiff for services rendered as attorney for the assignee "in the care, protection and preservation of the assigned estate." The obligation of the sureties plainly extended to this fund and rendered them liable for its proper administration by the assignee. The performance of the decree would have relieved the sureties from their obligation. The claim that they are not liable for the default of the assignee in omitting to pay over to the plaintiff the sum adjudged, is founded, we think, upon a too narrow interpretation of the language of the bond and a misconception of the term "jurisdiction" as applied to the part of the decree in question.

The undertaking of the sureties, that their principal should "duly account" for all moneys received by him as assignee, extended not merely to his rendering an account of the moneys in his hands, but also to the making of distribution according

to the terms of any lawful decree made on the final accounting. The court, no doubt, must have had jurisdiction to make the decree before there could have been a legal default of the assignee in its non-performance. The claim here is that the court had no jurisdiction to adjudge payment out of the estate for services rendered by the plaintiff as attorney for the assignee, as if it were a claim against the estate, and not merely a claim against the assignee.

The sureties, together with the creditors, and the assignor and the assignee, were parties to the accounting. No appeal was taken from the part of the decree in question. The circumstances which induced the court to create a charge against the trust estate in favor of the plaintiff for his services do not appear. It is sufficient that circumstances might have existed which, in equity, would justify a court in decreeing compensation to an attorney out of the trust estate, for services rendered upon the employment of a trustee in its care and preservation. (*Randall* v. *Dusenbury*, 7 J. & S. 174; 63 N. Y. 645; *Noyes* v. *Blakeman*, 6 id. 567; *New* v. *Nicoll*, 73 id. 131.)

It is sufficient that there was jurisdiction in a proper case to make a decree like the one in question. If improperly made in this case, because not justified by the circumstances, the remedy was by appeal. The decree was not void for want of jurisdiction in the sense that it was utterly null and of no force, whether reversed or not, and bound nobody. By the operation of the decree the portion of the proceeds of the assigned estate appropriated to pay the plaintiff is discharged from the claims of the general creditors, and the assignee and the sureties are released from liability to them therefor. As between the assignee and the plaintiff the latter is clearly entitled to it. The sureties, if they are compelled to pay the plaintiff, will have simply performed their original obligation that the assignee should duly account for the trust fund.

It is, we think, immaterial that the decree was not conclusive upon the plaintiff as to the amount of his compensation, or did not prevent him from resorting to the personal liability of the assignee. He accepts the provisions of the decree by bringing

the action, and thereby becomes a party in interest and entitled to prosecute the bond for his benefit. (*Casoni* v. *Jerome*, 58 N. Y. 321; *Marsh* v. *Avery*, 81 id. 29.)

We concur in the view of the counsel for the appellant that the provisions of section 9 of the Assignment Act of 1877, are not to be construed as limiting the right to the benefit of the bond exclusively to the original creditors of the assignor, but are intended primarily to prevent one creditor gaining an undue priority over another from the mere fact he first procured the bond to be prosecuted.

The judgments of the Special and General Terms should be reversed and judgment rendered for the plaintiff on demurrer, with costs in all courts.

All concur.

Judgment reversed.