MARY C. LYCAN *et al.*, Appellants, v. GEORGE MILLER *et al.*, Respondents.

St. Louis Court of Appeals, January 16, 1894.

1. **Accounting in Equity by Trustees.** When an accounting is had in equity of the *administration* of a trust, the trustee should be required to file his account in the first instance and the *cestui que trust* then be afforded an opportunity to surcharge and falsify it.

2. **Administration:** EFFECT OF FINAL SETTLEMENT. The final settlement of the estate of a decedent by his executor (there being no fraud) is conclusive against those entitled to the estate as to all items thereof of which the probate court, in which the settlement was made, had jurisdiction.

3. **Practice Trial:** OBJECTIONS TO EVIDENCE WHICH ARE TOO COMPREHENSIVE. An objection to the admission of the final settlement of an executor as proof in his favor of any of the credits therein is too broad, and is therefore properly overruled, when the settlement establishes his right to some of those credits.

4. **Trusts:** RIGHT OF TRUSTEES TO ALLOWANCES FOR COUNSEL FEES. The beneficiary of a trust instituted two actions against the trustees, the first being for trust funds and the second for the removal of the trustees for improper conduct. Both actions were unfounded. *Held,* that the trustees were entitled to credits in their accounts for reasonable counsel fees expended by them in defense of these actions.

*Appeal from the Knox Circuit Court.*—Hon. Ben E. Turner, Judge.

Affirmed.

*L. F. Cottey* and *O. D. Jones* for appellants.

*G. R. Balthrope* for respondents.

Rombauer, P. J.—As this is an action in equity brought by the beneficiary, Mary C. Lycan, against the defendant trustees, we will briefly state the facts as developed by the evidence, before proceeding to the consideration of the alleged errors complained of by the plaintiffs, who prosecute this appeal.

Eliza J. Grigsby, who died in November, 1886, by her will appointed the defendants her executors, and vested in them her real and personal estate, to be held and managed by them after the payment of her debts in trust for her only child Mary, who is the present plaintiff. The instrument directed that the trustees should pay the taxes, keep the real estate in repair, complete the education of the daughter and maintain her comfortably, according to their discretion, but not to expend for that purpose more than the net income of the estate. All interference with the property or its income by any husband of said Mary was excluded. When the beneficiary arrived at the age of thirty-five years, the estate was to be turned over to her by the trustees for her sole and separate use. In default of her attaining that age, the estate was to go to the testatrix's collateral kindred.

The defendants qualified as executors and took charge of the personal property, inventoried at $3,591.26. The real estate was at the time in the possession of the executor of the father of the testatrix,

but in 1890 a partition took place and forty-four acres of the land were set off to the defendants as the share of said Eliza, and thereafter held and occupied by the defendants as trustees for the plaintiff Mary. On the eleventh day of February, 1891, the defendants made their final settlement as executors in the probate court, which was approved by that court, showing a balance in their hands of $3,314.01; and on the same day they executed a receipt as trustees to themselves as executors for the assets which composed said $3,314.01. There was evidence in the case, which was not controverted, that the defendants would have made such settlement much earlier, but for the fact that the first settlement made by them was taken from the probate court by one of the plaintiffs' present counsel for examination, and was not returned to them for eighteen months. There was also evidence which was not controverted that, although no debts of the testatrix were allowed as demands against the estate in the probate court, many of the items for which the defendants took credit in their settlement consisted of funeral expenses, taxes and other expenses of administration. Shortly after the plaintiff Mary arrived at the age of eighteen years, she intermarried with her present coplaintiff, and thereafter on the twenty-fourth of July, 1890, the plaintiffs instituted an action against the defendants for money had and received by them to said Mary's use. The money charged to have been thus received consisted of the personal property inventoried, and the value of the use of the real estate which the defendants occupied and cultivated. It appearing in this action that the defendants held the property upon specific unexecuted trusts, the plaintiffs were defeated therein. The plaintiffs thereafter instituted the present action asking that the defendants be compelled to account to them in equity, and charging that they had fraudulently mis-

managed and wasted the estate and violated their trusts. The petition prays that the defendants be removed as trustees, and be compelled to pay the funds in their hands to some other person appointed by the court.

The answer of the defendants denies that they have mismanaged or wasted the estate. It states that they had faithfully accounted therefor in the probate court while administration was pending; that at the close of the administration they receipted for the balance of the estate then in their hands as trustees; that they had since faithfully managed the estate as such trustees; that there is a balance in their hands which they are willing and ready to pay over to any trustee the court may appoint. The answer was denied by reply.

The cause was somewhat irregularly tried. The court, instead of requiring the defendants to file their account as trustees in the first instance, and then requiring the plaintiffs to surcharge and falsify it, if they deemed proper, proceeded at once to the hearing of evidence as to how and in what manner the defendants had performed their duty as trustees. For this irregularity, however, the court was in nowise to blame, as the plaintiffs did not move that the trustees should be required to file their account, but themselves at once proceeded to try the case in the manner aforesaid. All subsequent complications in the trial of the cause are traceable to this source. The evidence thus adduced, which consisted mainly of the testimony of the two trustees, one of whom was called for the plaintiffs and the other for the defendants, tended to show that the trust was administered by the trustees carefully, honestly and without any waste.

Defendants also introduced the settlements made by them in the probate court as executors, resulting in

the balance which they paid to themselves as trustees.
When these settlements were introduced, the plaintiffs
objected to them as evidence of *any* credits allowed by
the probate court, but stated that they were perfectly
willing that the defendants should now have credit
against them for every just item contained in these
settlements. The court overruled the objection, and
the plaintiffs excepted.

The court thereupon directed the defendants to
make out their statement and report as trustees, and
continued the cause until July 10, 1893. The defend-
ants filed such report, starting with the balance
received by them upon the final settlement and bring-
ing the account down to date of filing, and, the plain-
tiffs filing no exceptions thereto, the court upon
examination approved it, discharged the trustees and
ordered them to pay the balance of $3,625.73 found in
their hands to a new trustee then appointed by the
court.

This being the state of the record before us, we
cannot conceive how the plaintiffs have any just ground
of complaint. Their complaint is that the trial court
treated the final settlement, made by the defendants as
executors in the probate court, as conclusive evidence
against them of the correctness of such settlements.
This nowhere appears by any ruling which the court
made. As the final settlement made by the defendants
as executors was in any view of the case conclusive
against the plaintiffs *as to all credits of which the pro-
bate court had jurisdiction*, and as many of the credits
which the defendants took in that settlement were
unquestionably of that character, the objections of the
plaintiffs to this settlement in proof *of any credits*
allowed to the defendants therein by the probate court
was too broad, and was properly overruled.

The plaintiffs evidently take the view that the

probate courts in this state have no jurisdiction to allow claims against the estate of a decedent accruing after his death, and that, since no debts were proved against the estate of Eliza J. Grigsby, the probate court never had any jurisdiction *of the estate* at all. This is an erroneous conception of the statute and decisions. The probate courts have jurisdiction of many claims originating after death, as, for instance funeral expenses and taxes against the estate (Revised Statutes, 1889, sec. 183); costs and expenses of administration, including attorneys' fees (sec. 222, *Ibid*); claims of legatees and distributees, etc. *Ferguson's Adm'r v. Carson's Adm'r,* 86 Mo. 673; *State ex rel. v. Tittmann,* 103 Mo. 553; *Williams, Adm'r, v. Heirs of Petticrew,* 62 Mo. 460; *Powell v. Powell's Adm'r,* 23 Mo. App. 365. It was the duty of the defendants in this case to administer upon the estate under the will, as it could not be definitely ascertained with what amount they were chargeable as trustees until such administration was closed. The final settlement, therefore, was conclusive in their favor, as far as items therein of which the probate court had jusrisdiction were concerned.

The further complaint, that the court gave no opportunity to the plaintiffs to examine, surcharge and falsify the account which, at the close of the evidence, was filed upon order of the court by the defendant trustees, is not borne out by the record. It does not appear at what date such final report was filed, except inferentially by the defendant's affidavit annexed thereto, which was made on the fifteenth of June, 1893. The court made no final order in the premises until July 10, 1893, and it does not appear that the plaintiffs at any time between the two dates asked leave to file exceptions to the report. The report shows that it was accompanied by vouchers verifying each item of

the expenditures, and the decree in terms recites that no exceptions to such report were filed and that the court approved the same *upon examination.*

As there was no substantial evidence before the court that the trustees had mismanaged or wasted the trust estate, nor of any fraudulent conduct on their part which have authorized their removal, the court was warranted in allowing them reasonable counsel fees in defending the two successive actions brought against them by the plaintiffs.

Finding no error in the record, the judgment is affirmed. All the judges concur; Judge BOND in the result.