In the Matter of the Accounting of MARY M. ORDWAY, as Administratrix of the Estate of JAMES M. ORDWAY, Deceased.

MARY M. ORDWAY, Individually and as Administratrix, Appellant; SARAH MIDDLEWORTH, Respondent.

Executors and administrators — duty to employ counsel — when counsel fees payable out of estate.

It is not only the right but the duty of an administratrix, made defendant in that capacity, to employ counsel to ascertain the nature of the suit and advise her what course is proper for her to pursue therein. In such case counsel should be paid out of the funds of the estate up to such time as in the exercise of due diligence it is ascertained, or should be ascertained, that the interests of the estate represented by the administratrix call for no further protection. But such liability as she incurs to counsel after that time must be regarded as having accrued against her individually and not as administratrix.

*Matter of Ordway*, 131 App. Div. 339, modified.

(Argued October 5, 1909; decided October 19, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 23, 1909, which modified and affirmed as modified a

decree of the Washington County Surrogate's Court settling the accounts of the administratrix herein.

The facts, so far as material, are stated in the opinion.

*Henry W. Williams* for appellant. The appellant should be allowed the counsel fees in *Middleworth* v. *Ordway.* (*Matter of Blair*, 28 Misc. Rep. 611·; *Matter of Hutchinson*, 84 Hun, 563; *Matter of Ritch*, 76 Hun, 36; *Rothschild* v. *Goldenberg*, 103 App. Div. 235; *Geissler* v. *Werner*, 3 Dem. 200; *Downing* v. *Marshall*, 37 N. Y. 380; *Matter of Van Buren*, 19 Misc. Rep. 373; *Gross* v. *Moore*, 14 App. Div. 353; *Shakespeare* v. *Markham*, 72 N. Y. 400; *Ide* v. *Brown*, 178 N. Y. 26; *Rosseau* v. *Rouss*, 180 N. Y. 116.)

*Erskine C. Rogers* for respondent. The payment of counsel fees in the action, *Middleworth* v. *Ordway*, and the payment of the costs and disbursements in that action, stated in gross in the supplemental account, are unauthorized, are not a proper and legal charge against the estate, and were properly disallowed on the accounting. (*Gross* v. *Moore*, 43 N. Y. Supp. 945; 14 App. Div. 353; *Matter of Collyer*, 9 N. Y. Supp. 297; 1 Con. 546; *Matter of Van Nostrand*, 3 Misc. Rep. 398; *Matter of Archer*, 23 N. Y. Supp. 1048; *Matter of O'Brien*, 5 Misc. Rep. 149; *Seaman* v. *White-head*, 78 N. Y. 306; *Willcox* v. *Smith*, 26 Barb. 342; *Ferrin* v. *Myrick*, 41 N. Y. 315; *Mygatt* v. *Willcox*, 1 Lans. 55; *Shakespeare* v. *Markham*, 10 Hun, 311.)

Willard Bartlett, J. The only question presented by this appeal is whether the surrogate of Washington county was right in holding that the counsel fees and expenses incurred by the appellant in the case of *Middleworth* v. *Ordway* (191 N. Y. 404) were not proper charges against the estate of the decedent. That action was brought by Sarah Middleworth against the appellant as the widow and administratrix of James M. Ordway, deceased, and against his heirs, to compel the specific performance of a contract between Mr.

Ordway and the father of the plaintiff whereby Mr. Ordway agreed to adopt the plaintiff as his child and care for her until she should arrive at the age of eighteen, when she should be entitled to the same rights in his property as though she was his own legitimate offspring. [We are judicially aware that the claim of the plaintiff in this action was contested by Mrs. Ordway, both individually and as administratrix, until it was finally determined adversely to her in this court.] In her accounting as administratrix she asked to be allowed $2,580.93 for the counsel fees and expenses of this litigation; but the surrogate held that the expenditures were not incurred in the interest of the estate, "but were the result of the efforts of the defendant to divert from its lawful channel the descent and distribution of the property of the decedent, real and personal." For this reason they were disallowed.

If the finding which we have quoted were the only one on the subject we could not interfere with the decree of the surrogate, which has been unanimously affirmed by the Appellate Division. There are further special findings of fact, however, in reference to the conduct of the appellant in defending the action of *Middleworth* v. *Ordway*, which put the case in a different light, and these special findings must control. There is no doubt that Mrs. Ordway was made a defendant in that action in her capacity as the administratrix of her husband. Under such circumstances, even if she had been served with nothing more than the summons, it was not only her right, but her duty, as administratrix, to employ counsel to ascertain the nature of the suit and advise her what course it was proper for her to pursue therein. (See *Matter of Hutchison*, 84 Hun, 563.) One of the special findings of the surrogate is that she was advised by counsel that it was her duty as administratrix to defend the action and that in pursuance to this advice and in reliance upon it she retained the two gentlemen to whom the largest counsel fees were paid. He further finds that the items which he disallowed for the services and expenses in the *Middleworth* case were reasonable in nature and amount, and that the administratrix

7

herself rendered all the services she was physically and mentally capable of performing.   The reason which actuated the surrogate and the learned Appellate Division in disallowing these items was that the suit by Mrs. Middleworth was really defended by Mrs. Ordway solely for her own benefit, and not for the benefit of the estate of her husband.   " No outcome of that suit," said Mr. Justice CHESTER in the Appellate Division, " would in any wise affect the amount of the estate, but it would only determine whether the estate should go to Mrs. Middleworth or to her, or what proportion of it should go to each."

This is undoubtedly true, and when the character of Mrs. Middleworth's suit had so far developed as to make it manifest that it was not necessary to defend the same in the interests of the estate, it became equally plain that the estate should not be put to any further expense in conducting the defense.   In brief, Mrs. Ordway was entitled to employ counsel and pay them out of the funds of the estate up to the time when in the exercise of due dilligence it was ascertained, or should have been ascertained, that the interests of the estate called for no further protection.   All liability that she incurred to counsel after that time must be regarded as having accrued against her individually and not as administratrix.

This view renders it necessary to reverse the order of the Appellate Division so far as it affirms the action of the surrogate in wholly disallowing the items in the supplemental account for expenses incurred in the defense of the *Middleworth* case, and to remit the proceedings to the Surrogate's Court of Washington county for an apportionment of such expenditures so that the administratrix may be allowed such counsel fees and disbursements as were incurred prior to the time when any further defense in the interest of the estate became manifestly unnecessary.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.