EXECUTORS AND ADMINISTRATORS (§ 485*)—ACCOUNTING—PROCEEDINGS TO RE-
    VOKE LETTERS—COUNSEL FEES.
      An administratrix was entitled to an allowance from the estate for the
    amount paid for the services of counsel in proceedings to revoke her
    letters, in which it was found that she was intestate's lawful widow, and
    at all times rightfully in office as administratrix.
      [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 2068; Dec. Dig. § 485.*]

Judicial settlement of the accounts of Gertrude S. Higgins, as administratrix, etc., of Thomas C. Higgins, deceased.   Decreed according to opinion.

Jay & Smith, of Brooklyn (Alfred G. Reeves, of New York City, and William H. E. Jay, of Brooklyn, of counsel), for accountant.

Sparks & Fuller, of Brooklyn, for Edwin E. Higgins.

Wilber & Yetter, of Binghamton, for Edith Cooke and Mary Cooke.

KETCHAM, S.   The accounting administratrix asks that she be allowed from the estate the sums paid by her to counsel for their services rendered in resisting a proceeding to revoke her letters.   In that proceeding her removal was sought upon the sole ground that she was not the widow of the intestate, and the result, to which the efforts of her counsel contributed, was that she was found to be the lawful widow and to have been at all times rightfully in the office of administratrix.

Whatever may be the rule in a case where an officer merely escapes removal without an affirmative finding that he has an inherent and unquestionable right to the office, it must be that, when an administrator has been threatened in the office to which he is finally found to be entitled, the estate should bear the expense which the unwarranted attack has imposed upon the rightful incumbent.   An administrator whose right to the office is finally vindicated has always been in the place where the law stationed him.   He has made oath that he would discharge its duties.   He has no right to surrender his office merely by his own will.   He can only be released by permission and upon proof of the facts which justify his discharge.   Hence, if it turn out that he has belonged in the office at all times since his appointment, it must result that it has always been not only his privilege, but his duty, to stay where he belonged.   To hold on to the charge which has been properly intrusted to him is only one of the duties of his administration, and the just and reasonable expense attendant upon any performance of his duty is chargeable upon the estate.

But in this case the administratrix, in vindicating her title to the office, obtained a finding which also established her right to an interest in the estate of her intestate, and it is therefore urged that her disbursements in obtaining that result were made in her own behalf and were not in the interest of the estate.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The primary subject of the controversy in which these fees were incurred was the office of administratrix. Her right and duty to defend that office were not lessened by the incident that the facts necessarily shown in defense of her office were also conclusive upon other rights and interests personal to herself. If an administrator is ordinarily to be allowed compensation for his expense in maintaining the office solely because he ought to keep it, why should the concurrence of selfish incentive for doing his manifest duty make that duty any less? The reasoning upon which this allowance is resisted would make it impossible ever to indemnify any person rightfully holding the office for any expense incurred in defending his right thereto, for it is difficult to conceive of an office the incumbent of which is not entitled to compensation for the discharge of his trust.

The Case of Ordway, 196 N. Y. 95, 89 N. E. 474, contains nothing against the claim of the administratrix and much to justify her claim. The counsel fees there considered were not incurred in defense of the office. They arose in defending an action brought against the estate in which the right of the administratrix as such was necessarily confessed. It was there held that the administratrix was entitled to reimbursement for counsel fees paid for a service which was incidentally for her own selfish benefit so long as such service was not unduly prolonged "to the time when any further defense in the interest of the estate became manifestly unnecessary." The difference between the cases is vital. Here the administratrix made a defense which under the law was proper. If it were ever proper, its propriety continued until it ended in success. It therefore never could become unnecessary. In the case cited the defense to the action was proper only so long as it continued to be necessary. Moreover, the court there held that the expenditures made before it appeared that the defense was unnecessary to the interests of the estate were properly allowable to the administratrix.

This was a clear recognition that disbursements, in their nature chargeable to the estate, are not less chargeable, because they also serve the personal interest of the administrator who makes them.

The items of credit claimed in the account for professional services of counsel are allowed.

Decreed accordingly.