HENRY W. JESSUP, Appellant, *v.* GEORGE W. SMITH et al., as Trustees under the Will of SAMUEL J. TILDEN, Deceased, et al., Respondents.

Testamentary trustees — power of trustee to create for another a lien for services rendered for the estate by his direction — when services of attorney employed by a trustee to resist proceedings for his removal, instituted by another trustee and beneficiaries of testator, and for the appointment of a third trustee under the will, are a lien on the estate.

1. A trustee, who pays his own money for services beneficial to the trust, has a lien for reimbursement. But if he is unable or unwilling to incur liability himself he has the power, if other funds fail, to create a charge, equivalent to his own lien for reimbursement, in favor of another by whom the services are rendered.

2. Two testamentary trustees, who had the power under testator's will to fill a vacancy caused by the death of a third trustee, could not agree upon a choice and in respect of other problems of administration, and the deadlock which resulted threatened the efficient execution of the trust. Thereupon some of the beneficiaries, in union with one of the surviving trustees, began a proceeding in the Supreme Court for the removal of the other trustee and for the appointment of a designated person as his successor. Such trustee employed the plaintiff as his attorney under an agreement that plaintiff should accept the retainer and render his professional services on the faith of the trust estate and with knowledge of the poverty of such trustee and his inability personally to pay for such service. Under that

retainer plaintiff opposed the application for the removal of his client and at the same time made a cross-application for the appointment of a third trustee. The application to remove was denied, the cross-application granted and a third trustee named. Plaintiff then began this action, joining as defendants all persons interested in the estate and praying that the value of his services be declared a charge upon the funds of the trust, and the trial court, affirmed by the Appellate Division, found that the services had been rendered, that opposition to the removal of the trustee was just and reasonable and that the value of plaintiff's services was a designated amount, but held that such services were beneficial to the trustee personally, and not to the estate. *Held*, error; that the services of plaintiff were beneficial to the trust estate and that plaintiff should have a lien thereon for the amount found as the value of his services.

*Jessup* v. *Smith*, 170 App. Div. 605, reversed.

(Argued March 13, 1918; decided March 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 28, 1916, unanimously affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry W. Jessup*, attorney in person. One administering a trust may properly resist a proceeding of removal and the expense of resisting such proceeding is a proper charge upon the fund. (*Matter of Higgins*, 80 Misc. Rep. 609; *Noyes* v. *Blakeman*, 6 N. Y. 567; *New* v. *Nicoll*, 73 N. Y. 127; *Schoenherr* v. *Van Meter*, 215 N. Y. 548.) This court has power to protect the plaintiff in the circumstances shown by this record. (*Matter of O'Brien*, 145 N. Y. 379.) The plaintiff pursued the proper and only remedy. (*O'Brien* v. *Jackson*, 167 N. Y. 131; *Matter of Boyer*, 54 Misc. Rep. 183; *Matter of King*, 168 N. Y. 53; *Brackett* v. *Ostrander*, 126 App. Div. 529; *Dahlstrom* v. *Gemunden*, 198 N. Y. 449.)

*E. DeT. Bechtel* and *Thomas H. Wight* for Lewis V. F. Randolph, as trustee, et al., respondents. Contracts of trustees are the personal contracts of such trustees and do not bind the estate or the beneficiaries. The complaint was properly dismissed on the ground that the plaintiff mistook his remedy. (*Dodd* v. *Anderson,* 197 N. Y. 466; *Parker* v. *Day,* 155 N. Y. 383; *Austin* v. *Munro,* 47 N. Y. 360; *Ferrin* v. *Myrick,* 41 N. Y. 315; *Reynolds* v. *Reynolds,* 3 Wend. 244; *Budlong* v. *Clemens,* 3 Dem. 145; *Platt* v. *Platt,* 105 N. Y. 488; *Van Camp* v. *Searle,* 79 Hun, 134; *O'Brien* v. *Jackson,* 167 N. Y. 31.) The plaintiff's services did not give rise to nor entitle him to an " equitable lien " upon the Tilden trusts. (*Williams* v. *Ingersoll,* 89 N. Y. 508.)

*Fulton McMahon* for Charles F. MacLean, as trustee, respondent.

CARDOZO, J. In October, 1913, George W. Smith was one of the trustees under the will of Samuel J. Tilden. Lewis V. F. Randolph was a co-trustee. The two trustees had power to select a third to fill the vacancy created by the death of John Bigelow. They could not agree upon a choice. They differed also in respect of other problems of administration. A deadlock had been reached, which threatened, as the findings state, the orderly and efficient execution of the trust.

Some of the beneficiaries under the will, in union with Mr. Randolph, began a proceeding in the Supreme Court for the removal of Mr. Smith, and for the appointment of Mr. Cornelius B. Tyler as his successor. They alleged that there was lack of harmony between the trustees which was injuring the estate, and they charged Mr. Smith with inefficiency and misconduct. Upon the service of this petition, Mr. Smith retained the present plaintiff, Mr. Jessup. He told Mr. Jessup that he was poor, and unable to pay the fees of counsel, who would

have to look to the estate for payment. The finding is that Mr. Jessup " agreed to accept such retainer, and to render his professional services in the premises on the faith of the trust estate and with knowledge of the poverty of the defendant, George W. Smith, as trustee, and his inability personally to pay for such service."

Under that retainer, Mr. Jessup opposed the application for the removal of his client. He made at the same time a cross-application to appoint a third trustee. In all that he did, he was successful. The application to remove was denied. The cross-application was granted. The Hon. Charles F. MacLean, for many years a justice of the Supreme Court, was named as the third trustee. On appeal to the Appellate Division, the order was affirmed.

The plaintiff then began this action, joining as defendants all persons interested in the estate, and praying that the value of his services be declared a charge upon the trust, which consists of money and securities. The trial judge found that the services had been rendered; found that the opposition to the attempted removal was just and reasonable; found that the value of the services was $1,750; but held that the services were beneficial to Mr. Smith personally, and not to the estate. Judgment was therefore granted dismissing the complaint. At the Appellate Division, the judgment was affirmed by a divided court. The affirmance was put upon the ground that the contract of retainer bound the client personally. (*Ferrin* v. *Myrick,* 41 N. Y. 315; *Austin* v. *Munro,* 47 N. Y. 360; *Parker* v. *Day,* 155 N. Y. 383; *O'Brien* v. *Jackson,* 167 N. Y. 31). The client, it was held, must pay the counsel fees himself, and seek reimbursement from the estate upon the settlement of his accounts.

We reach a different conclusion. Undoubtedly, the

general rule is as the Appellate Division has declared it. But there are exceptions as settled as the rule itself. A trustee who pays his own money for services beneficial to the trust, has a lien for reimbursement. But if he is unable or unwilling to incur liability himself, the law does not leave him helpless. In such circumstances, he " has the power, if other funds fail, to create a charge, equivalent to his own lien for reimbursement, in favor of another by whom the services are rendered " (*Schoenherr* v. *Van Meter*, 215 N. Y. 548, 552; *New* v. *Nicoll*, 73 N. Y. 127, 131; *Noyes* v. *Blakeman*, 6 N. Y. 567; *Van Slyke* v. *Bush*, 123 N. Y. 47, 51; *O'Brien* v. *Jackson*, *supra*, 36; *Clapp* v. *Clapp*, 44 Hun, 451; *Randall* v. *Dusenbury*, 7 J. & S. 174; 63 N. Y. 645). That is exactly what this trustee assumed to do. He was unable to pay; he explained the situation to the plaintiff; he was exonerated from personal liability; and the acceptance of the retainer was, by express agreement, on the credit of the estate.

The question remains whether the services were beneficial in the preservation of the trust. We have no doubt that they were. Mr. Smith had been named in the will as a trustee. He owed a duty to the estate to stand his ground against unjust attack. He resisted an attempt to wrest the administration of the trust from one selected by the testator and to place it in strange hands. He did more. By his cross-application, he procured the appointment of a third trustee, and broke a deadlock which threatened the safety of the estate. Plainly, such services, if paid for by the trustee personally, would justify reimbursement on his accounting before the surrogate (*Matter of Ordway*, 196 N. Y. 95, 98; *Matter of Higgins*, 80 Misc. Rep. 609; *Matter of Assignment of Cadwell's Bank*, 89 Iowa, 533, 542; *Lycan* v. *Miller*, 56 Mo. App. 79). That must be because they were beneficial to the trust. But reimbursement on an

accounting before the surrogate presupposes payment in advance, (Code Civ. Pro., former sections 2729, 2730, 2810; present sections, 2726, 2731, 2732, 2753; *Matter of Blair*, 49 App. Div. 417; *Matter of Spooner*, 86 Hun, 9). There must, therefore, be some other remedy where such payment is impossible. If that were not so, there would be no safety either for an indigent trustee or for the estate committed to his care. The law is too far-sighted to invite such consequences.

The judgment of the Appellate Division and that of the Special Term should be reversed, and the plaintiff should be decreed to have a lien upon the trust estate for $1,750 with interest from June 8, 1915, and costs in all courts. If any further directions become necessary for the enforcement of the lien, they may be made by the Supreme Court on the application of either party.

Hiscock, Ch. J., Chase, Hogan, Pound and Andrews, JJ., concur; McLaughlin, J., not sitting.

Judgment accordingly.