In the Matter of the Estate of MARY O'CONNOR, Also Known as MARY ANNE O'CONNOR, Also Known as MARY L. O'CONNOR, Deceased.

Surrogate's Court, Queens County, December 21, 1936.

*Joseph E. Keenan,* for Arthur L. Gould, as executor.

*Sydney Rosenthal,* for Julia L. Friehofer, objector.

HETHERINGTON, S. Decedent left her residuary estate to a religious order. After probate, objector instituted a proceeding, to which the executor and the residuary legatee were made parties, seeking a determination that she was entitled to testatrix's entire estate by virtue of a contract made between her and decedent. In such proceeding the objector was successful. Both the executor and the residuary legatee appealed from the decree. In the appellate court the determination of the surrogate was affirmed unanimously. Upon the hearing and upon appeal, the executor and residuary legatee were represented by independent counsel. The executor has filed his account and taken a credit for $1,500 paid for legal services. Credit is also taken for payments made for printing case on appeal, photostatic copies and briefs totaling

$224.67. The propriety of these payments and the amount paid counsel is now questioned by the objector. She urges that the disbursements incurred and the legal services rendered upon the appeal are not proper charges against the estate because they were not made for its benefit, but for the benefit of the residuary legatee.

In passing upon the objections made to these items, it is necessary to consider the duty of the executor to the testatrix and the object of the litigation brought by the objector against him and the residuary legatee. As executor, it became his duty to carry out the testamentary desires of the testatrix. In the performance of this duty, he was justified in resisting the proceeding instituted by the objector, which was designed to defeat her wishes, if, in the exercise of good faith, he believed same to be unfounded. Since he had been made a party thereto, he was justified in employing counsel for the purpose of ascertaining the nature of the proceeding and of being advised as to what course was proper for him to pursue with respect thereto. (*Matter of Ordway*, 196 N. Y. 95.) However, in arriving at a decision he could not overlook the fact that the real issue was whether the objector or the residuary legatee was entitled to decedent's estate. It seems to me that when he ascertained that the residuary legatee was represented by independent counsel and later observed that it was actively and vigorously defending the proceeding instituted by the objector, further resistance on his part was no longer necessary or required. Any services rendered beyond that time were not for the benefit of the estate but for the benefit of the legatee. Included in this category are the legal services and disbursements of the appeal. The expense thus accruing must be regarded as having been incurred for his own account. (*Matter of Ordway, supra.*) It is my opinion that $850 is a reasonable allowance for counsel fees which were necessarily and properly incurred in the administration of this estate. In accordance with these views the objections are disposed of as follows: Objection 1 is marked withdrawn; objection 2 will be sustained to the extent of $650 and the executor surcharged accordingly; objection 3 is overruled; objections 4, 5 and 6 are sustained and the executor surcharged in the sum of $224.67.

Submit decree accordingly on notice.