Are corporate directors entitled to indemnification or reimbursement from the corporation for their reasonable expenses necessarily incurred by them in defending a stockholder's derivative suit in which an accounting was sought against them because of alleged dereliction of duty and in which suit they were vindicated? This question arises because of an application on notice made by counsel for the defendant Herman A. Fenning, subsequently joined in by counsel for the other individual defendants, for an order reserving to *Page 265 
the defendants the right to apply for counsel fees against the corporate defendant, A. Hollander Son, Inc. The matter was argued in the presence of all counsel appearing in the main cause and was fully briefed. In addition, I was furnished with several articles treating with the subject of counsel fees in stockholders' derivative suits. The question necessarily calls for an answer at this time, for if under the circumstances of this case there be no right of indemnification or reimbursement in favor of the director defendants, then there is no need for granting the reservation sought and the application should be denied. On the other hand, if such right is found to exist then it is quite appropriate that it be reserved by adequate provision.
In order that the question here considered may be clearly understood, a brief statement of the pertinent facts is needed. The present suit was brought by a stockholder suing in the right of the corporation and the corporation itself was joined as a defendant. The bill of complaint and the intervenor's supplemental complaint charged the individual directors with negligence, mismanagement, diversion of assets and fraud and sought an accounting from them both for damages alleged to have been sustained by the company and profits and business opportunities alleged to have been illegally diverted from it. The defendant directors in their answers denied the acts charged against them and claimed that as directors of the company and also in their various other capacities they always served the company with fidelity and discharged their duties honestly, loyally and impartially and with due regard at all times to the rights and interests of the company and its stockholders. I found and decided that the directors had been faithful to their trust and that they had fully sustained the burden cast upon them by law satisfactorily to explain all corporate transactions in which there was charged some personal interest on the part of the individual director. Solimine v. Hollander, 128 N.J. Eq. 228;16 Atl. Rep. 2d 203.
It is important to remember the true nature of a suit of this character. The stockholders, suing and intervening, do not prosecute the cause in their own right and for their own benefit but in the right of the corporation and for its benefit. *Page 266 
While nominally the company is named as a defendant, actually and realistically it is the true complainant, for any avails realized from the litigation belong to it and it alone. The only circumstance under which the individual stockholder is permitted to bring the suit is either the refusal of those in control of the company to bring the proceeding or the fact that their relation to the subject of complaint is such that demand upon those in control to bring the suit would be futile. Whatever be the circumstances furnishing license to the individual stockholder to bring a class action of this kind, the fact remains that when suit is brought and determined on its merits the company must be treated in all respects, including liability for costs and counsel fees, as any other complainant in the ordinary cause.
There has been a regrettable lack of unanimity in the rather few decisions outside of this state on the question of whether directors who are ultimately successful in a suit of this character are entitled to be reimbursed for their reasonable costs and counsel fees in the litigation. No authority in this state has been submitted to me on the point and my own research has disclosed none. However, there can be no doubt that even as counsel for the complainant stockholder is not entitled to be paid a counsel fee in advance of a successful result, so the defendant director or officer is not entitled to indemnification or reimbursement in advance of his vindication. This rule has the virtue of making the ultimate result of the litigation the test of the right to counsel fees and expenses and presupposes that until the ultimate result is achieved the complaining stockholders on the one hand and the defending directors and officers on the other litigate at their own tentative and conditional outlay. "There is a vast difference between letting a director fight the battle at his own expense — with reimbursement if he is vindicated — and using the power of the corporation to aid in the fight before it is shown whether or not he is a faithful servant who deserves indemnity. * * * The rule under discussion is designed to produce fair play — to prevent the plaintiff from being overwhelmed by the company's financial power before the real defendants have shown their guilt or innocence."Washington, *Page 267 Litigation Expenses of Corporate Directors in Stockholders'Suits (1940) 40 Columbia Law Rev. 431, 438. It is this idea which underlies the decision of the Supreme Court of Minnesota inMeyers v. Smith, 190 Minn. 157; 251 N.W. Rep. 20 (1933), in which the court struck out the affirmative defenses pleaded by the corporate defendant in a minority stockholder's action to recover, for its benefit, funds alleged to have been misappropriated by officers and directors. It was there held that the position of the corporate defendant forbade it from stepping in and attempting to defeat what is practically its own suit and causes of action. The court said: "Nor have the two individual defendants, in control thereof, any right to use the corporation for any such purpose or to impose on the corporation the burden of fighting their battle."
My attention has been directed to a decision of one of the New York inferior courts in Wood v. Noma Electric Corporation, not officially reported, New York Law Journal, October 10th, 1936, p. 1121 (City Court). That was a suit by a director to compel his company to reimburse him for attorney's fees expended by him in defending a stockholder's derivative action in which fraud and waste were charged and which class action was discontinued during trial. The court dismissed the complaint seeking reimbursement, citing two New York decisions holding that a director found guilty of wrongdoing was not entitled to reimbursement for his counsel fees. This decision is in harmony with the principle that a director is not entitled to be reimbursed for his costs and counsel fees unless and until he is judicially cleared of the charges brought against him. While an adjudication of wrongdoing is, of course, clearly dispositive against the right to reimbursement, a discontinuance before judgment, though carrying with it no taint of wrongdoing, is equally dispositive, for in neither situation has the cause resulted in acquittal.
The rule that I gather from the cases is to the effect that where directors are charged with misconduct in office and are sought to be held accountable, the corporation is required to take and maintain a wholly neutral position, taking sides neither with the complaining stockholder nor with the defending *Page 268 
director. This is implicit in the holding of this court inGroel v. United Electric Company of New Jersey, 70 N.J. Eq. 616; 61 Atl. Rep. 1061, in which Vice-Chancellor Garrison held that the only point which the corporate defendant could raise by its plea was whether the directors can prohibit the stockholder from bringing the suit if, in the judgment of the directors, it was inexpedient that suit be prosecuted and that such defensive position of the company would not be permitted to interfere in any way with the meritorious issues raised against the actual defendants. In the case before me the corporate defendant assumed a neutral position in the controversy, as I pointed out in my opinion on the main case. That neutrality forbade any possible grant of financial aid by the company to the individual defendants during the course of the litigation and in advance of a determination in their favor. Being charged with wrongdoing it was incumbent upon them in the first instance to employ their own resources in preparing and presenting their defense, without recourse in any measure to the corporate treasury, retaining, however, the equitable right to reimbursement out of the trust fund if their ultimate innocence were judicially established. In a very real sense the situation in which the defendant directors are placed is analogous to that of the complaining stockholders in the derivative action. The latter are not entitled to costs and counsel fees except only if the suit is successful. By the same reasoning the defending directors or officers are not entitled to their costs and counsel fees except only in the event that their defense is sustained and it is adjudged that they have committed no breach of trust duty or fidelity.
With the foregoing rules stated, I turn to the main issue presented — the right of the director to reimbursement from the corporation where he has defended a suit brought against him and judgment has been entered in his favor on the merits. InFigge v. Bergenthal, 130 Wis. 594; 109 N.W. Rep. 581, a stockholder brought a suit charging fraud and misapplication of funds on the part of the directors. The judgment of the lower court holding the defendants liable for fraud was reversed on appeal. Corporate funds had been used in the defense of the case. The appellate court sustained these payments, *Page 269 
saying: "Clearly as no case is made against defendants it is not improper or unjust that the corporation should pay for the defense of the action."
In several cases the courts have sought to establish an additional test or requirement for the payment of litigation expenses to directors even where the latter have been successful in their defense. Some of these cases require a showing that the defense resulted in some benefit to the corporation or that some interest of the company was threatened. In the recent case ofNew York Dock Co. v. McCollom, 16 N.Y. Supp. 2d 844, the court declared that if a director can show upon an application to the court for reimbursement or when called upon to refund corporate money already taken by him by way of reimbursement, that in maintaining successfully his own defense in the stockholder's suit he has conserved some substantial corporate interest or has brought some benefit to the company, the court may direct or confirm his reimbursement. I do not agree that there is an added burden cast upon the directors as expressed in the McCollom Case although, as presently appears, the instant case meets that further requirement. As I read theMcCollom opinion, I am led to the view that it is not of much assistance in considering the question before me. The McCollom
suit was brought by the company seeking a declaratory judgment which would adjudge that it, the company, was not legally obligated to pay or indemnify the defendant directors against their expenses in an earlier derivative stockholders' action. The defendant directors relied upon an implied legal obligation and upon the added claim that their defense had substantially benefited the company. The point of the decision seems to be that the referee, who heard the case, viewed a director's liability to suit as one of the assumed hazards of his office. Notwithstanding this the court expressed the view that there might be cases in which because the directors successfully defended themselves there might exist a "legal obligation" resting on the corporation in the wider sense of that phrase and that in such a situation the corporation may pay the reasonable expenses of its directors. I do not consider that liability to charges of misconduct in office is one of the hazards inhering *Page 270 
in the office of director of a company and that such hazard is impliedly assumed in the acceptance of that office. That is no more true in the case of director, who is essentially a trustee, than in the instance of an executor or testamentary trustee. When it is sought to surcharge a trustee of the latter class for alleged negligence, wastage, mismanagement or fraud or where his removal is sought for these or other acts of misconduct, and he prevails on the merits, the expenses of his successful resistance are invariably paid out of the estate being administered, and this is done without inquiry into the question of whether or not his defense resulted in some benefit to the trust. Such benefit is necessarily present in the circumstance that by defending the action against him the executor or testamentary trustee is effectuating the testator's intent that the estate be administered by the hands to which it has been confided.
In Jessup v. Smith, 223 N.Y. 203; 119 N.E. Rep. 403, the New York Court of Appeals had before it the order of the lower court in a suit brought by the attorney Jessup to recover from the trustees under the will of Samuel J. Tilden for professional services rendered by Jessup in defending one of the trustees under that will. The beneficiaries under the will had charged the testamentary trustee, Smith, with inefficiency and misconduct and sought his removal. Smith retained Jessup to defend him and the latter agreed to render his legal services on the faith of the trust estate. Jessup successfully opposed the attempted removal of his client. The court of first instance held that the plaintiff's services had been rendered to Smith personally and not to the estate. The Appellate Division affirmed on the ground that the contract of retainer bound Smith personally and not the estate and that Smith must pay the counsel fee himself and seek reimbursement from the estate upon the settlement of his accounts. Judge Cardozo, speaking for the Court of Appeals, reached a different result. He said:
"* * * A trustee who pays his own money for services beneficial to the trust, has a lien for reimbursement. But if he is unable or unwilling to incur liability himself, the law does not leave him helpless. In such circumstances, he `has *Page 271 
the power, if other funds fail, to create a charge, equivalent to his own lien for reimbursement, in favor of another by whom the services are rendered.' (Schoenherr v. Van Meter, 215 N.Y. 548,552; New v. Nicoll, 73 N.Y. 127, 131; Noyes v. Blakeman,6 N.Y. 567; Van Slyke v. Busch, 123 N.Y. 47, 51; O'Brien v.Jackson, supra, 36; Clapp v. Clapp, 44 Hun. 451; Randall v.Dusenbury, 7 J. S. 174; 63 N.Y. 645 * * *.)
"* * * He owed a duty to the estate to stand his ground against unjust attack. He resisted an attempt to wrest the administration of the trust from one selected by the testator and to place it in strange hands. He did more. By his cross-application, he procured the appointment of a third trustee, and broke a deadlock which threatened the safety of the estate. Plainly, such services, if paid for by the trustee personally, would justify reimbursement on his accounting before the surrogate. (Matter of Ordway,196 N.Y. 95, 98; Matter of Higgins, 80 Misc. Rep. 609; Matter ofAssignment of Cadwell's Bank, 89 Iowa 533; Lycan v. Miller,56 Mo. App. 79)."
In the case at bar the charges against the directors and officers were of such nature that had they been substantiated the defendants might have been removed from office. The directors and officers here not only had a right but were under a duty to stand their ground against all unjust attack and to resist the attempt to wrest the corporate trust estate from those hands to which the stockholders had previously committed it. In defending themselves they demonstrated to the investing public the honesty of the corporate management and thus they not alone served their own interests but also performed a duty which they owed to the beneficiaries of the trust — the stockholders. At least one of the counsel for the complaining stockholders in this cause was aware of this fact of benefit. In opposing an application to tax him with counsel fees in favor of the successful directors, he urged that the litigation had benefited the company and its stockholders in that it demonstrated the excellence and honesty of the services rendered by the directors and that, therefore, the directors' counsel should be paid out of the corporate treasury. *Page 272 
Other counsel for complaining stockholders did not dissent from this view. While I find that the company was benefited, I am not to be understood as holding that the fact of benefit to the company is an element of the directors' right to reimbursement or indemnification under such circumstances as are here present. However, with respect to such fact of benefit and in all other respects the instant case is indistinguishable in principle from that of the Jessup Case.
I am also mindful of the policy which dictates that directors, like executors and other trustees, should be encouraged to resist unjust charges in the confidence that ultimately, if their innocence be judicially established, they will be reimbursed for their necessary expenses of defense. Such a rule enables the director of limited means to enlist the professional service and aid of competent counsel who will be willing to undertake the defense upon the assurance that, if successful, payment would be forthcoming from the corporate treasury. The withholding of such assurance might well have the effect of denying the financially disabled director the opportunity of adequate representation in the suit against him. But what is more important than this is the fact that the right to reimbursement is a circumstance that would actuate and induce responsible business men to accept the post of directors, the emoluments of which would otherwise never be commensurate with the risk of loss involved in paying out of their own pocket the costs involved in defending their conduct. The right of reimbursement carries with it the added virtue that it is likely to discourage in large measure stockholders' litigation of the strike variety with which the courts are not unfamiliar. Such litigation is occasionally brought in the expectation that the accused directors and officers will pay something to escape not so much the risk of surcharge or removal as the substantial costs involved in adequate defense, particularly if the litigation is likely to be a prolonged one. These considerations and others like them are undoubtedly responsible for the many instances in which corporations have in recent years amended their by-laws so as to offer their directors contractual indemnity against the cost of unjustified suits. (SeeWashington, supra, 40 Columbia Law Rev. at p. 452.) As the *Page 273 
writer of that article states, such a step does much to encourage men of standing to undertake active responsibilities as directors. I recognize the validity of the suggestion that directors who have successfully defended their administration onthe merits of the suit should be reimbursed from corporate funds, the manner of reimbursement to rest in the discretion of the trial court. Even in the McCollom Case, supra, where the referee denied reimbursement, the suggestion was made by Judge Crouch that the application for reimbursement should be made to the court in the original action. He said (at p. 850): "In stockholders' actions where the plaintiff has been successful, the almost universal practice has been to apply for and secure reimbursement in the original action. The same practice should ordinarily be followed by successful defendants. Obviously the trial judge is in a much better position than any other judge to evaluate the alleged benefits to the corporation of the legal services rendered. * * *"
I, therefore, hold that the directors and officers who have successfully defended this suit on the merits and who have demonstrated honesty and loyalty to their trust are entitled to be reimbursed by the corporate defendant for their reasonable expenses and counsel fees either already expended or incurred in connection with this cause. The use of the word "reimbursement" presupposes previous payment by them. Following the idea and language of Judge Cardozo in the Jessup Case: "There must, therefore, be some other remedy where such payment is impossible. If that were not so, there would be no safety either for an indigent trustee or for the estate committed to his care. The law is too farsighted to invite such consequences." The corporate defendant may, if its directors so choose, pay such expenses and counsel fees directly without putting the directors to the necessity of paying in the first instance. This is more in the nature of exoneration than reimbursement, but either course is within the principle I have discussed and accomplishes the same just result. Counsel may present an order in conformity with these views. *Page 274