Appeal having been taken from two orders entered in the above entitled cause, one dated April 25th, 1944, wherein there was allowed to Israel B. Greene, solicitor for the defendant J. George Brenauer the sum of $1,000 as a counsel fee in this cause, and the other dated April 25th, 1944, allowing the sum of $250 to Aaron VanPoznak for services rendered by him as master in the cause, this opinion is now prepared and filed.
On March 27th, 1941, the Puritan Building and Loan Association at a meeting of the shareholders was voluntarily dissolved and the shareholders proceeded to the election of trustees in dissolution, resulting in the election of J. George Brenauer, Adolph Kleinwax and Edward Dreyfuss. Aaron Schindel, who had been the president of the association for a number of years, was a candidate at the election and declared defeated, whereupon he filed objection to the election with the Commissioner of Banking and Insurance who refused to interfere and issued the statutory certificates to the three successful candidates. Brenauer, Kleinwax and Dreyfuss thereupon qualified as trustees and undertook the administration of the trust.
On May 16th, 1941, Schindel brought this suit to review the election of Brenauer and to remove him from office, claiming that he was entitled to be put in his place. The bill of complaint alleged fraud in the election and charged that *Page 90 
proxies improperly cast certain votes for Brenauer which votes should have been cast for complainant, and that during the course of the election one of the proxies voted after he had resigned orally.
In the proceedings thus brought to oust the defendant Brenauer from his office as trustee, Mr. Greene was his solicitor through whom he actively defended the charges in the bill. Shortly before the final hearing, Brenauer died, and his wife, Florence Brenauer as executrix of his estate, was substituted as defendant in his place and stead.
The complainant, electing not to proceed further with the cause, the defendant applied for an order dismissing the bill of complaint in which order there was reserved to said Israel B. Greene and the executrix of the estate of Brenauer the right to apply on notice for a counsel fee against the estate of the Puritan Building and Loan Association, and also reserved the right to Aaron VonPoznak, the master appointed to impound the ballots cast at said election, on notice, for an allowance to him against the estate of the Puritan Building and Loan Association for the services rendered by him as such master.
Upon the hearing on notice of the application for fees, Joseph Steiner, solicitor for the Puritan Building and Loan Association, confined his objections to the allowance of fees to the single ground that as a matter of law the association should not be compelled to pay the same. With this contention I do not agree.
Brenauer having received the statutory certificate from the Commissioner of Banking and Insurance and having duly qualified as trustee was a de jure trustee administering the estate at the time the litigation was brought against him. The bill sought his removal as trustee and he had a right and a duty to resist the attempt to remove him if he had reasonable ground for defending the attack. In resisting he was performing a duty which he owed to the beneficiaries of the trust (the shareholders), who voted for him. The bill of complaint having subsequently been dismissed his election remained undisturbed.
In Jessup v. Smith, 223 N.Y. 203; 119 N.E. Rep. 403, *Page 91 
the New York Court of Appeals had before it the order of the lower court in a suit brought by the attorney Jessup to recover from the trustees under the will of Samuel J. Tilden for professional services rendered by Jessup in defending one of the trustees under that will. The beneficiaries under the will had charged the testamentary trustee, Smith, with inefficiency and misconduct and sought his removal. Smith retained Jessup to defend him and the latter agreed to render his legal services on the faith of the trust estate. Jessup successfully opposed the attempted removal of his client. The court of first instance held that the plaintiff's services had been rendered to Smith personally and not to the estate. The Appellate Division affirmed on the ground that the contract of retainer bound Smith personally and not the estate and that Smith must pay the counsel fee himself and seek reimbursement from the estate upon the settlement of his accounts. Judge Cardozo, speaking for the Court of Appeals, reached a different result. He said:
"* * * A trustee who pays his own money for services beneficial to the trust, has a lien for reimbursement. But if he is unable or unwilling to incur liability himself, the law does not leave him helpless. In such circumstances, he `has the power, if other funds fail, to create a charge, equivalent to his own lien for reimbursement, in favor of another by whom the services are rendered.' (Schoenherr v. Van Meter, 215 N.Y. 548, 552; New
v. Nicoll, 73 N.Y. 127, 131; Noyes v. Blakeman, 6 N.Y. 567;Van Slyke v. Busch, 123 N.Y. 47, 51; O'Brien v. Jackson,supra, 36; Clapp v. Clapp, 44 Hun. 451; Randall v. Dusenbury,7 J. S. 174; 63 N.Y. 645 * * *.)
"* * * He owed a duty to the estate to stand his ground against unjust attack. He resisted an attempt to wrest the administration of the trust from one selected by the testator and to place it in strange hands. * * * Plainly, such services, if paid for by the trustee personally, would justify reimbursement on his accounting before the surrogate. (Matter of Ordway, 196 N.Y. 95, 98; Matterof Higgins, 80 Misc. Rep. 609; Matter of Assignment of Cadwell'sBank, 89 Iowa 533; Lycan v. Miller, 56 Mo. App. 79.)" *Page 92 
In Solimine v. Hollander, 129 N.J. Eq. 264; 19 Atl. Rep.
2d 344, we held that directors of a corporation who prevailed in a stockholders' derivative suit and were thus vindicated of the misconduct charged are entitled to reimbursement from the corporation with respect to their reasonable expenses in the litigation.
Aaron VanPoznak was appointed as master by an order dated the third day of June, 1941, and ordered to impound the ballot box and its contents used at the election of trustees and to deposit the ballot box in the presence of counsel for the parties with its contents in a vault in the Fidelity Union Trust Company, there to be retained and sealed until the further order of the court. His compensation in that order was fixed at $25, plus the cost of renting the safe deposit box. Later, on June 15th, 1943, the master was by another order directed to remove the ballot box from the safe deposit vault and to deposit same "in some safe place selected by him pending final hearing" so that the parties be afforded an opportunity which was granted them by a later order to inspect and examine said ballot box and ballots and to count the ballots, all of which was done in the presence of the master, and for all of which service the master was allowed the sum of $250 by the order under appeal dated April 25th, 1944. *Page 93