George A. Brenner, S.
This is a proceeding instituted under section 231-a of the Surrogate’s Court Act to fix and determine the fair and reasonable value of legal services rendered by petitioners who have represented one of the designated cotrustees under the will of testator.
The testator died a resident of Westchester County on March 5, 1953 and his will and a codicil dated December 20, 1948 and July 5, 1949, respectively, were admitted to probate and letters testamentary thereon were issued on May 13,1953.
Under paragraph “eieth” (b) the testator appointed his wife, Sue Krasner, and his brother, Robert L. Krasner, as trustees and expressly provided that no bond or other security be required for the faithful performance of their duties. On or about April 20, 1955 the brother of decedent, Robert L. Krasner, consulted the petitioners with respect to a request by the widow of decedent that he renounce his appointment as a cotrustee under the will of testator. The petitioners advised Robert L. Krasner that he was under no obligation to renounce his appointment, and his refusal to renounce such appointment resulted in the widow of testator instituting a proceeding on *815 April 29, 1955 in which she sought the issuance of letters of trusteeship to herself, a denial of letters of trusteeship to Robert L. Krasner, and a construction of certain provisions of the will. The petitioners, on behalf of Robert L. Krasner, interposed an answer in which they opposed the request that letters of trusteeship be denied to Robert L. Krasner and in which they requested a construction of other portions of the will of testator requiring a determination as to whether or not the provisions for a trust unlawfully suspended the power of alienation in violation of section 11 of the Personal Property Law and section 42 of the Real Property Law.
The respondent trustee also moved pursuant to rule 106 of the Rules of Civil Practice to dismiss as insufficient in law that portion of the petition which sought to disqualify him from receiving letters of trusteeship. The motion to dismiss was granted by decision of this court dated July 6, 1955. (See Matter of Krasner, N. Y. L. J., July 8, 1955, p. 5, col. 5.) The widow of testator appealed from the order granting such motion and such order was unanimously affirmed by the Appellate Division by order dated April 30, 1956 (1 A D 2d 980). Petitioners then successfully opposed application for leave to appeal to the Court of Appeals (1 N Y 2d 644).
The petitioners not only rendered legal services successfully opposing the application to disqualify the designated cotrustee, but also in the proceedings for the construction of testator’s will. With respect to the construction, petitioners not only presented the question as to the validity of the trust, but submitted well-considered and detailed memoranda of law and were successful in sustaining the validity of such trust in carrying out the intention of the testator.
The answer to the petition submitted by the widow of testator alleges that the services rendered by the petitioners should be paid for individually by Robert L. Krasner, and should not be a charge against the estate. In Jessup v. Smith (223 N. Y. 203) the court in an opinion by Cardozo, J., held that a person named in a will as a trustee owed a duty to the estate to stand his ground against unjust attack and resist an attempt to wrest the administration of the trust from him. In so holding the court stated that a fee for attorney’s services in connection with such a defense if paid for by the trustee, should be reimbursed to him out of estate assets, or in the alternative, if such fee had not been paid, then the estate itself was liable for the payment thereof. In Matter of Manville (N. Y. L. J., June 15, 1951, p. 2240, cols. 1, 2) former Surrogate Griffiths held that legal services rendered in behalf of a trustee designated pur *816 suant to a power conferred by will “ acquired such a status as would justify payment from the estate of the reasonable value of the legal services necessarily rendered in defending his designation (See, also, Matter of Phipps, N. Y. L. J., Sept. 20, 1957, p. 13, col. 1.)
Accordingly, the court determines that the legal services necessarily rendered by the petitioners on behalf of the named trustee in connection with the petition filed by the widow embodying varying- demands for relief were of benefit to the estate and estate assets are therefore properly chargeable with the fair and reasonable value of such legal services.
In Matter of Potts (213 App. Div. 59, 62, affd. 241 N. Y. 593) the court in an opinion by Hubbs, P. J., summarized the factors to be considered in determining the fee of an attorney as follows : “ In general the court, in determining the justice and reasonableness of an attorney’s claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount -involved, the professional standing of the counsel, and the results obtained. ’ ’
■ -Due consideration having been given to the factors enumerated in Matter of Potts (supra), the court fixes and determines the sum of $11,500 as the fair and reasonable value of the legal services necessarily rendered by the petitioners, payable from the estate. The court will allow in addition thereto out-of-pocket disbursements to be taxed.
Settle order.