W. R. EVANS v. J. M. BRANDON ET AL.

[Case No. 796.]

1. DAMAGES—PRIVATE CORPORATIONS.—The liability of directors for a breach of duty which involves the property, as a whole, of the corporation for which they act, is primarily to the corporation whose agents they are.

2. SAME.—If the corporation refuses to sue, and is still under the control of the directors sought to be held responsible, a stockholder may maintain an equitable proceeding to protect the interest of the corporation, as the trustee for all its stockholders and creditors.

3. PLEADING.—A petition by a stockholder in a corporation for a recovery of damages for the wrongful acts of the directory, not in behalf of the corporation, but for himself individually, is bad on demurrer.

Error from Galveston. Tried below before the Hon. William H. Stewart.

W. R. Evans brought suit September 17, 1873, against J. M. Brandon *et al.*, and asked judgment for damages alleged to have been sustained by him on account of certain wrongful acts alleged to have been committed by defendants.

Plaintiff alleged that he was a shareholder in the Texas Banking and Insurance Company, a corporation chartered and organized under the laws of Texas, and that he owned eighty shares of the capital stock, which consisted of three thousand paid-up shares of the par value of $100 each; that defendants constituted its board of directors, invested with the powers and privileges possessed by such bodies, having full control and management of the affairs and operations of the company, which, amongst other chartered rights, was authorized "to loan money at interest on securities"; that in the conduct of the company's business the defendants were so careless, negligent, reckless, and imprudent in making loans and discounts, permitting the same to be made by the subordinate officers of the bank, as to impair the capital of the company to the amount of $170,000, and cause a depreciation of more than $50 per share in the market value of the stock, including the shares held and owned by plaintiff.

It was alleged that defendants, as directors of the bank, loaned or permitted loans to be made to one mercantile firm, A. Sessums, Powell & Co., various amounts aggregating more than $300,000, receiving securities and collaterals for less than $150,000; that a part of this security consisted of insurance upon the life of A. Sessums, realizing upon his death about $50,000; that these excessive and unsecured loans were made by defendants, or negligently permitted by them, if without their knowledge; that such want of information of the affairs of the institution was itself the result of gross negligence of their duties; that by their mismanagement and wrongful administration severe losses were occasioned as stated; that the actions of the directory, or their failure to properly supervise

and direct the bank's transactions, were in direct violation of the terms of the charter and restrictions contained in the by-laws, and were a departure from all accepted and prevailing rules and usages of banking; that the firm of A. Sessums, Powell & Co., who were the recipients of this accommodation, were at the time, viz., in the year 1872, in a failing condition, and without credit in banks and in the commercial community except upon ample guaranty, pledge, or security; that this was known generally in business circles; that the firm failed on February 1, 1873, and were and have been since insolvent and in bankruptcy, and have not paid their debts to the company; and that the total loss to the company of which defendants were directors, was, by reason of their dealings with this house, in excess of $170,000. Much more was alleged of the wrongful neglect and shortcomings of the directory not necessary to state.

A general demurrer of the defendants to the plaintiff's original petition, filed September 17, 1873, having been sustained, the plaintiff, on the 20th of May, 1876, filed, by leave of the court, his amended petition, making the Texas Banking and Insurance Company a defendant, and praying therein a discovery against all the defendants, including said company, by and through its proper officers, of all the transactions had with the firm of Sessums, Powell & Co.; of the loans and advances made that firm out of the funds of the company; the dates and items thereof; the nature and amount of securities received; the resultant losses; the action of any of the defendants respecting the same; and for judgment for the sum of $3,760 against all of the defendants except the Texas Banking and Insurance Company, and for interest and costs, and for general relief. There was no answer filed by the company, and no process was prayed for or obtained against it.

*James B. Stubbs* and *Labatt & Noble,* for plaintiff in error.

· I. Directors of a corporation may be held personally liable at the suit of a stockholder who has suffered loss in the depre-

ciation of the value of his stock, or in the impairment of the corporate resources by the mismanagement of such directors, their neglect of duties, violation of authority given and defined by the charter and regulations and ordinary course or usage of the business, and even for the want of reasonable diligence, or the omission of that care which every man of prudence takes of his own concerns. (Mussina *v.* Goldthwaite, 34 Tex., 125; Heath *v.* Erie Railway Co., 8 Blatch., 407, and cases cited; Dodge *v.* Woolsey, 18 How., 331; City of Memphis *v.* Dean, 8 Wall., 64; Robinson *v.* Smith, 3 Paige, 222; Peabody *v.* Flint, 6 Allen, 52; Morgan *v.* Railroad Co., 1 Wood, (U. S.,) 15; Hodges *v.* N. E. Screw Co., 1 R. I., 312; United Society *v.* Underwood, 9 Bush, 609; Morse on Banking, 90–92, 116, 120, 451, 452; Brice's Ultra Vires, 114, 408, 572.)

II. When the directors are charged with misconduct and gross negligence, it is not necessary for the stockholders to apply to them for the use of the corporate name in bringing the suit; if they are the governing body. (Cook *v.* Berlin M. Co., 43 Wis., 433; Field on Corp., secs. 142, 171, and authorities above cited.)

III. When the acts of the directors complained of are *ultra vires*, as in this case, which are beyond the power of the corporation or its directors to affirm or sanction, the reason of the rule held in some cases, for an application to the directors to bring the suit, does not exist. Such reason is, that while the stockholder is prosecuting his suit, the corporation, through its board of directors, may affirm and make good the acts complained of; but the rule ceases when the reason ceases. (Heath *v.* Erie Railroad Co., 8 Blatch., 407.)

IV. The plaintiff had the right to sue the directors for such violation of duty without joining the company as co-defendant. (Field on Corp., sec. 171 and note; Hill *v.* Frazier, 22 Penn. St., 320.)

*Willie & Cleveland*, for defendants in error, (except the corporation.)—There was no error in sustaining the general de-

murrer to the petition. The amended petition of the 20th of May, 1876, in no way changed the inherent quality of the original petition, because it prayed for no relief against the Texas Banking and Insurance Company, nor for any relief in its favor. So that, for all the purposes of the action, the case was as if the company had not been made a party. (Angell & Ames on Corp., sec. 312; Field on Corp., secs. 141, 142, 397–400, notes, and cases cited; Smith v. Hurd, 12 Metc., (Mass.,) 371; Allen v. Curtis, 26 Conn., 456; Craig v. Gregg, 83 Penn. St., 19; Smith v. Poor, 40 Me., 415; Hersey v. Veazie, 24 Me., 9; Samuel v. Holladay, 1 Woolw. C. C. Rep., 400.)

GOULD, ASSOCIATE JUSTICE.—By mismanagement and gross neglect of duty on the part of defendants, as directors of the Texas Banking and Insurance Company, it is alleged that the company suffered heavy losses, and in consequence thereof plaintiff was injured in the depreciated value of his stock. The object of the suit is to recover of the directors damages for this depreciation in the value of his stock.

On principle and authority, it is clear that the liability of directors for a breach of duty that injures the corporate property as a whole, is primarily to the corporation whose agents they are. (Peabody v. Flint, 6 Allen, 53; Smith v. Hurd, 12 Metc., 384; Allen v. Curtis, 26 Conn., 456; Attorney-General v. Wilson, 1 Craig & Phill., (18 Eng. Ch.,) 1; 1 Angell & Ames on Corp., sec. 312, and other authorities cited for appellees.)

A recovery by the corporation for such an injury would inure to the benefit of its stockholders, and in that way they would be compensated for the indirect injury received. If the corporation refuses to sue, or is still under the control of the directors sought to be held responsible, a stockholder may maintain an equitable proceeding "to protect the interest of the corporation as the trustee for all its stockholders and creditors." (Craig v. Gregg, 83 Penn. St., 21; Angell & Ames, supra.)

A fatal defect in the plaintiff's petition, both original and

amended, is, that it seeks no recovery in behalf of the corporation, but seeks a direct recovery of· damages for the plaintiff individually, the case stated not entitling him to such a recovery.

Directors of moneyed corporations, such as banks, have often had enlarged liabilities imposed upon them by statute, and a case is referred to, by counsel for appellant, where, in the absence of statutory provisions, they have been held directly accountable to special depositors.   ( Conant *v.* Reed & Bank, 1 Ohio St., 298; United Society of Shakers *v.* Underwood, 9 Bush, 610.)

The great current of authority, we think, denies to a stockholder the relief sought in this case.

AFFIRMED.

[Opinion delivered March 12, 1880.]