THOMAS et al. v. BARTHOLD et al.
(No. 8014.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 24, 1914. Rehearing Denied Nov. 28, 1914.)

1. APPEAL AND ERROR (§ 1003*)—REVIEW—VERDICT.

A verdict reasonably supported by the evidence will not be overturned because against the preponderance thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1003.*]

2. CORPORATIONS (§ 99*)—ACTIONS AGAINST DIRECTORS—IMPROPER ISSUANCE OF STOCK.

Directors, who received stock in return for a franchise, cannot be required to account for the stock by a dissatisfied stockholder, in the absence of a showing of the value of the franchise when acquired by the corporation, even though it appeared that the directors paid nothing for the franchise.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 444–446; Dec. Dig. § 99.*]

3. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT.

A verdict on sharply conflicting evidence will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

4. APPEAL AND ERROR (§ 548*)—BILL OF EXCEPTIONS—NECESSITY.

Assignments complaining of the admission of testimony will not be considered, unless preserved by bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

5. TRIAL (§ 252*) — INSTRUCTIONS — SUFFICIENCY.

Where a stockholder asserted he was damaged by the mismanagement of the directors, a charge on the duty of the directors, which did not submit any measure of damages to be allowed the stockholder, and did not confine itself to the issues of negligence, raised by the petition, is too general and must be refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. CORPORATIONS (§ 320*) — MISCONDUCT OF OFFICERS—DAMAGES—INTEREST.

Where a stockholder was damaged by the negligence of the directors, he can only recover 6 per cent. interest on his damages, which interest must not be compounded.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

7. CORPORATIONS (§ 320*)—ACTION AGAINST—PARTIES—JOINDER.

Where plaintiff claimed he was induced to acquire stock in a corporation by the misrepresentations of the directors, and that his stock depreciated because of their negligent mismanagement, others, who acquired stock at different times, cannot intervene as parties plaintiff.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

8. CORPORATIONS (§ 320*)—DIRECTORS—ACTIONS AGAINST.

In an action by a dissatisfied stockholder, who asserted that the defendant directors mismanaged the corporate affairs, the question whether they failed to account for certain funds received *held* for the jury.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

Error from District Court, Parker County; F. O. McKinsey, Judge.

Action by H. D. Thomas and others against C. C. Barthold and others. There was a judgment awarding plaintiffs partial relief, and plaintiffs bring error. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

T. Wesley Hook, of Kingsville, and J. M. Richards and Preston Martin, both of Weatherford, for plaintiffs in error. R. L. Stennis, of Dallas, and Jas. C. Wilson, of Ft. Worth, for defendants in error.

DUNKLIN, J. H. D. Thomas recovered a judgment against C. C. Barthold, G. M. Bowie, G. S. White, and John Prince for $750 expended by him in the purchase of 7½ shares of preferred stock in the Weatherford Gas, Light, Heat & Power Company, a private corporation, of whom defendants were officers and directors, and from the further judgment rendered in the case denying him a recovery for the additional sum of $1,500, the amount paid by him for 15 shares of common stock in the same corporation, he has prosecuted a writ of error.

The basis of the claim asserted by plaintiff consisted in allegations, substantially, that defendants as officers of the corporation, and as constituting a majority of four out of a total of five of its board of directors and controlling and managing its affairs, were guilty of negligent mismanagement of the business of the company, thereby causing losses which rendered all of plaintiff's stock worthless. One of the specifications of such mismanagement alleged to have of itself wrecked the company consisted in the act of defendants in borrowing $25,000 upon the promissory note of the company secured by mortgage upon all its assets, for the payment of which debt it became necessary thereafter to sell all the assets of the company and terminate its operations. This issue was presented in the court's charge, but the verdict shows a finding for the defendant thereon.

Another contention presented in plaintiff's pleadings and submitted in the court's charge was that defendants wrongfully sold all the assets of the company for an inadequate consideration to the Crystal Ice Company, another corporation, which was likewise controlled by the defendants, who were officers thereof, and who constituted a majority of its board of directors; that such sale terminated the business of the selling company, leaving it without assets, and thus rendering plaintiff's capital stock worthless. In the court's charge this issue was presented to the jury, who were told that such sale was unauthorized in law if made without plaintiff's consent, and that, if it should be found from the evidence that plaintiff sustained damage by reason of the sale, a verdict should be returned in plaintiff's favor for the amount of damages so sustained by him. Upon this issue the jury likewise found in favor of the defendants.

Another contention made by plaintiff's pleadings and submitted in the court's charge to the jury consisted in allegations that he was induced to subscribe for the 7½ shares of preferred stock and to pay $750 therefor by reason of certain misrepresentations made to him by defendants, to induce him to sub-

scribe for same, and of the falsity of which he was excusably ignorant at the time. The verdict of the jury shows a finding for plaintiff upon this issue, and the judgment in plaintiff's favor was predicated upon that finding.

In plaintiff's petition other issues of negligent mismanagement were tendered, but the same were not submitted to the jury in the court's charge; the issues noted above being the only ones submitted.

Numerous objections have been made by defendant in error to the consideration of the assignments presented in plaintiff in error's brief, including objections for improper grouping, that propositions submitted under the assignments are not germane thereto, etc. It will not be necessary for us to consider such objections further than as hereinafter indicated, in view of our conclusion that plaintiff in error's assignments present no reversible error.

[1] In plaintiff in error's motion for new trial filed in the trial court, it was alleged that the verdict of the jury was contrary to the law and the preponderance of the evidence in several particulars set out in separate paragraphs of the motion, and different assignments of error have been presented, each embodying one of those paragraphs. Each of those assignments reads: "The verdict is contrary to the law and the preponderance of the evidence in this"—following that statement with one of the paragraphs of the motion for new trial noted above. It is a sufficient answer to all these assignments to say that the fact that the verdict was contrary to a mere preponderance of the evidence would be no ground for sustaining the assignment of error in this court, since the rule is that, if there was any evidence beyond a mere scintilla to reasonably support the verdict, the judgment could not be disturbed by this court on the ground of insufficiency of evidence to support it. Furthermore, as a counter proposition to these assignments, the evidence shown in the statement of facts was abundantly ample to sustain the finding of the jury denying the plaintiff a recovery upon the two issues first noted above.

[2] It might be said that the first three assignments are improperly grouped, since they raise different questions of law. However, independent of that objection, the three propositions submitted under those assignments cannot be sustained. The first of those propositions presents the contention that plaintiff was induced to subscribe for his 15 shares of common stock by fraudulent misrepresentations made by the defendant. Even the plaintiff's own testimony, independent of that of the defendants, tends very strongly to show that no misrepresentations were made by the defendants in order to induce plaintiff to subscribe for the common stock. Two other propositions are submitted under the first three assignments, which are, in effect, that defendants were legally bound

to account to the plaintiff for a part of the secret profits made by them upon the franchise granted to the corporation by the city of Weatherford to transact its business in that town. The evidence does show that the franchise was obtained without the expenditure of any money by the defendants, who, after first obtaining the same, transferred it to the corporation, taking capital stock in the corporation in payment therefor. The propositions now under discussion proceed upon the theory that, as the franchise cost the defendants nothing, the stock issued to the defendants therefor was without any consideration, and that accordingly defendants should be held to an accounting therefor. A sufficient answer to these propositions is that no evidence was introduced tending to show the value of the franchise at the time it was acquired by the company. For aught that appears in the record, it may have been worth more than the face value of the stock issued to the defendants as a consideration therefor.

[3] The fifth assignment reads as follows:

"The court erred in charging that but 6 per cent. could be recovered on the preferred stock, or but $2,250 exclusive of cost."

This assignment is likewise improperly grouped with the fourth, which is that the verdict is contrary to the law and the preponderance of the evidence, and the proposition submitted thereunder might be disregarded on that ground. However, the first proposition under that assignment, namely, that the sale of all the assets by the gas company to the ice company was for an inadequate consideration, was at all events a disputed issue, and the negative of which seems to have been supported by evidence as cogent as that introduced to support the affirmative, to say the least.

[4] Another assignment complaining of the admission of certain testimony over plaintiff's objection thereto is overruled because there is no bill of exception to such ruling.

[5] By the ninth assignment complaint is made of the refusal of the following special requested instruction:

"During its entire existence the defendants were four of the five directors of the corporation, Weatherford Gas, Light, Heat & Power Company. As such they were the managing agents of the company. They were bound to exercise, in the handling of its affairs, such diligence as a reasonably prudent, careful, and skillful man would exercise in the conduct of his own affairs. If you find that they remained ignorant of what they might have discovered by the exercise of good business diligence, or if you find that they did not themselves, even though they employed inferior officers, exercise a reasonable supervision of the affairs of said company, or if you find that they neglected their duties as directors in failing to hold sufficient directors' meetings, and as a result the corporate funds or property were wasted or lost, you will find for the plaintiff, with interest from date of such negligence at the rate of 6 per cent. per annum."

There was no error in refusing that instruction for the reason that it was entirely too general in that it did not submit any

measure of damages to be allowed to the plaintiff and was not confined and applied to the issues of negligent mismanagement, as the same were alleged in plaintiff's petition.

[6] Another assignment reads as follows:

"The verdict of the jury was insufficient for the reason that it did not find interest at 10 per cent. and compound it annually."

We know of no rule which would allow a recovery of more than 6 per cent. interest on the damages alleged in the plaintiff's petition. Neither are we aware of any statute or decision which would allow such interest to be compounded.

The foregoing disposes of all of the assignments of error presented by plaintiff in error H. D. Thomas, who was the sole plaintiff in the suit.

[7] F. R. Putnam, W. J. Milmo, Alex Rawlins, and Wm. Hemphill, who also purchased stock in the Weatherford Gas, Light, Heat & Power Company, filed separate pleas of intervention in the suit. Each alleged in his plea that he was induced to purchase stock in the same corporation by fraudulent misrepresentations of the defendants, and further adopted portions of plaintiff's petition alleging negligent mismanagement of the affairs of the company by the defendants. According to the allegations contained in the pleas of intervention, the purchases of stock by interveners were on dates and in amounts different from each other and from the purchases of the plaintiff, and each of such purchases constituted a transaction separate and distinct from any of such other purchases. Exceptions to these pleas of intervention urged by the defendants on the ground of misjoinder of parties and of causes of action were sustained, and to this action of the court errors have been assigned by the interveners. As indicated by statements already made relative to the causes of action asserted by plaintiff and the interveners, it is clear that there was no error in sustaining the exceptions.

[8] Defendants in error have presented the following cross-assignment of error:

"The court erred in refusing to give special charge No. 1 requested by the defendants in writing as follows: 'Gentlemen of the Jury: You are instructed to find for defendants.' "

Much evidence is quoted to refute all the allegations relied on in plaintiff's petition as a basis for recovery. But plaintiff introduced a witness, an expert accountant, who testified that he had examined the books of the company, together with the checks issued, and that it appeared therefrom that defendants had failed to account for several thousands of dollars which had come into their hands as the officers of the company. While the evidence offered by the defendants tended strongly to overcome that testimony, yet we are unable to say that such rebutting proof was so conclusive as to warrant the court in taking that issue from the jury. The fact that the issue of mismanagement

which was embraced in plaintiff's petition was not submitted to the jury in the court's charge makes no difference, since the merits of the assignment now under discussion must be determined independent of that fact.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.