### BARTHOLD et al. v. THOMAS et al.
### (No. 58–2776.)

(Commission of Appeals of Texas, Section B. April 2, 1919.)

1. CORPORATIONS ⬤⟶320(5) — MISMANAGEMENT OF DIRECTORS — SUIT BY SINGLE STOCKHOLDER.

For wrongs committed by corporation directors in management of company, a stockholder must seek his remedy, in the first instance, before suing, through the corporation itself by application to the directors and stockholders, and, if unsuccessful, may then bring suit for the company for its benefit, not his personal benefit.

2. CORPORATIONS ⬤⟶320(8)—SUIT BY STOCKHOLDER—PETITION—RIGHT TO SUE.

In stockholder's suit against directors on behalf of company, petition must allege and evidence show plaintiff has made a good-faith effort to obtain action by the corporation, or he must allege and prove such a state of facts as makes it clear that an appeal to the directors or stockholders would have been useless.

3. CORPORATIONS ⬤⟶320(4)—SUIT BY STOCKHOLDERS—COMPANY AS PARTY.

In all suits by stockholders brought to redress wrongs done to corporation by directors, the corporation is a necessary party defendant.

4. FRAUD ⬤⟶58(1) — SALE OF CORPORATE STOCK — MISREPRESENTATION — SUFFICIENCY OF EVIDENCE.

In an action for fraudulent representations, which induced plaintiff to purchase and pay

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for corporate stock, evidence as to alleged fraud *held* insufficient to justify verdict for plaintiff for $750.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by H. D. Thomas and others against C. C. Barthold and others. To review. judgment awarding plaintiffs partial relief, they brought error, defendants cross-assigning errors. The Court of Civil Appeals affirmed the judgment (171 S. W. 1071), and both parties bring error. Judgments reversed, and cause remanded for new trial, on recommendation of the Commission of Appeals.

T. Wesley Hook, of Kingsville, and J. M. Richards and Preston Martin, both of Weatherford, for plaintiffs in error.

R. L. Stennis and J. O. Wilson, both of Dallas, for defendants in error.

MONTGOMERY, P. J. This suit was brought by H. D. Thomas against C. C. Barthold, G. M. Boyd, John H. Price, and G. S. White to recover the amount alleged to have been paid by plaintiff for 15 shares of common stock and 7½ shares of preferred stock in the Weatherford Gas, Light, Heat & Power Company, a corporation.

The suit is predicated upon the theory that the plaintiff was induced to subscribe and pay for said stock by false and fraudulent representations made to him by the defendants, and that the stock was in fact worthless.

The petition also alleged that defendants were directors of the corporation, and promoted and organized it, and that they procured a franchise from the city of Weatherford, authorizing them to use the streets, and that the franchise cost the defendants nothing; that the defendants transferred said franchise to the corporation, and caused said corporation to issue to them $10,000 of its capital stock, and that said corporation received no other consideration for said stock except said franchise. The plaintiffs asked for judgment for the proportion of the sum of $10,000 which the stock subscribed and paid for by him bore to all the stock of the corporation.

Plaintiffs also made allegations charging the defendants, as directors, with the fraudulent and negligent mismanagement of the affairs of the corporation, and that said mismanagement resulted in the bankruptcy of the corporation rendering the stock worthless, and sought a recovery against the defendants also on that account.

The defendants denied all the allegations of fraud and negligence.

The case was tried by a jury, and the court submitted several issues. The jury found for the plaintiff for the sum of $750, being the sum paid by him for the preferred stock. This verdict necessarily imports a finding that the purchase of the preferred stock by plaintiff was induced by the fraudulent representations of the defendants. As to all other issues submitted, the verdict was for the defendants. The court rendered judgment for the plaintiff Thomas, in accordance with the verdict. Thomas appealed, and the defendants cross-assigned errors. The Court of Civil Appeals affirmed the judgment of the trial court. 171 S. W. 1071. Both parties applied to this court for writs of error, and both applications were granted.

### Opinion.

For convenience the parties will be here designated as plaintiffs and defendants as they appeared in the trial court.

The plaintiffs sought a recovery upon two grounds:

(1) Upon the theory that the plaintiff was induced to subscribe and pay for the stock, both common and preferred, by false and fraudulent representations made by the defendants, and that the stock was worthless. This is the ordinary action for deceit, and, if the facts pleaded were established, entitled plaintiff to recover the damages suffered by reason of the fraud.

(2) Plaintiffs also sought to recover damages by reason of certain wrongs alleged to have been committed by the defendants towards the corporation itself. It was alleged that the defendants procured or caused to be issued $10,000 of the stock of the corporation to themselves without other consideration than a transfer by them to the corporation of the franchise procured from the city of Weatherford, and it was further alleged that the franchise was valueless.

The plaintiff also alleged that the defendants were guilty of fraudulent mismanagement and gross negligence, as directors, in the management of the affairs of said corporation.

[1] As to these last allegations, the wrongs alleged are wrongs to the corporation, and affect other stockholders in the same manner and to the same extent as the plaintiff. As to such wrongs, the remedy in the first instance must be sought through the corporation, and if no redress can be obtained through corporate action, that is, by application to the directors and stockholders, a stockholder may bring suit for and on behalf of the corporation for the benefit of the corporation. A single stockholder cannot sue and recover against the wrongdoers damages measured by the depreciation of the value of his stock due to such wrongs.

[2] In a suit brought for and on behalf of the corporation, the petition must allege and the evidence must show that the plaintiff has made a good-faith effort to obtain action by the corporation, or must allege and prove such a state of facts as makes it clear that an appeal to the directors or stockhold-

ers would have been useless. Where the wrongdoers are in complete control and management of the corporation, this fact dispenses with the necessity of an appeal to them or to the corporation; but the facts necessary to excuse the failure to make application to the corporation for redress must be both alleged and proved by the plaintiff.

[3] In all suits by stockholders, brought for the purpose of redressing wrongs done to the corporation, the corporation is a necessary party defendant. The principles we have announced are all elementary. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Detroit v. Dean, 106 U. S. 537, 1 Sup. Ct. 500, 27 L. Ed. 300; Becker v. Street Railway Co., 80 Tex. 475, 15 S. W. 1094; Cates v. Sparkman, 73 Tex. 620, 11 S. W. 846, 15 Am. St. Rep. 806; 7 R. C. L. 319. From the foregoing, we think it conclusive that the plaintiffs, under the allegations of the petition, could not recover for the alleged wrongs of the officers and directors in so far as said wrongs were to the corporation.

The only cause of action upon which the plaintiff could, in any event, recover was the cause of action based upon the alleged fraudulent representations which induced him to purchase and pay for the stock.

What we have said disposes of all the assignments of error of the plaintiff, H. D. Thomas.

[4] The defendants in the lower court requested a peremptory charge to find for them, and the refusal of this charge was the only error assigned in the Court of Civil Appeals, and the failure of the Court of Civil Appeals to sustain this assignment is the only error here complained of.

The jury found a verdict for the plaintiff for the sum of $750, the amount paid by him for the preferred stock. We have carefully considered the entire record, and believe there is no evidence justifying this verdict.

The allegation in the plaintiff's petition with reference to this matter is as follows:

"That on April 25, 1907, the defendants, as directors, called a meeting of the stockholders of said corporation, and represented to them that all the money paid in had been expended, and that it would take a further sum equal to one-half of the amount theretofore paid in; that they had more thoroughly informed themselves and had investigated more carefully, and were prepared and qualified to say that for said further sum the proposed gas plant could be completed, installed, equipped, and put on a paying basis, and defendants then moved and caused to be carried a motion to have said corporation issue $17,500 worth of stock to be known as preferred stock, said stock to be a first lien on the plant and assets of said corporation, and to pay 10 per cent. per annum from the date of its issuance, payable annually, and it was recommended by defendants that each stockholder take one-half as much preferred stock as he then held of the common stock; that plaintiff, relying on the representations set forth by defendants at said meeting of the stockholders, pur-

chased on May 7, 1907, 7½ shares of said preferred stock, and paid therefor in cash $750, and at the same time there was turned over to the said directors some $12,000 in all as the proceeds from the sale of said preferred stock."

The plaintiff testified with reference to this transaction as follows:

"At the time I bought this preferred stock I was at Weatherford. The circumstances under which I bought that stock are these: I was at a stockholders' meeting. There was a resolution passed to issue preferred stock, 50 per cent. of the value of the common stock, and each one take his pro rata share. I took my share and paid the money for it. I was at the stockholders' meeting when that resolution passed to issue the preferred stock. There was no objection to it that I remember of. There was nothing else suggested that I remember of. I did not oppose it. I favored it just like they did. I was living here (at Weatherford) at that time. There were no misrepresentations that I recall to mind by any of the parties at that meeting. I recall the representations that were made at the stockholders' meeting. It seemed to be the argument and the sense of those who were in a position to know that that would be sufficient money to put all in good shape. I do not know that I could give in detail what Mr. Bowie said. He made that talk in regard to the preferred stock, 50 per cent. As to details, and how he explained the matter, it would be hard for me to say. He preferred that as the best plan. He did not make any representations that I remember of. I do not remember anything else he said. He thought it the best plan to relieve the situation the company was in at that time. My recollection is that Mr. Barthold, in connection with Mr. Prince, made the first talk in showing what the situation was. Mr. Bowie followed it with this suggestion. It would be impossible for me to give in detail what they said the situation was. The substance was that material had cost more than they had expected, and that the subscribers to the gas were scattered out a great deal, took a great deal of pipe to reach them, and it cost more than they expected, and funds had run out before they had got it on a paying basis; that is about the substance of it; and that it was going to take money to reach their customers."

There was no evidence tending to show the fraud alleged. The defendants, and each of them, denied making the statements alleged to have been made by them in the plaintiff's petition, and denied making any false or fraudulent representations whatever.

It will be seen that the testimony of the plaintiff himself wholly fails to sustain the allegation of fraud.

Without setting out the testimony, we will say that we have examined the entire statement of facts, and in our judgment there is no testimony which authorized the submission of this case to the jury.

In view of the fact that this case has probably not been fully developed, we are of the opinion that judgment should not be here rendered, and we advise that the judgments

of the trial court and the Court of Civil Appeals be reversed, and that the cause be remanded to the district court of Parker county for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding.