## HEWIT et al. v. PRATT–HEWIT OIL CORPORATION et al.

### No. 8528.

Court of Civil Appeals of Texas. San Antonio.
Jan. 21, 1931.

Rehearing Denied March 4, 1931.

Dodson & Ezell, of San Antonio, J. Turner Vance, of Refugio, and Arthur H. Bartelt, of San Antonio, for appellants.

McDonald Meachum and Kennerly, Williams, Lee, Hill & Sears, all of Houston, for appellee Houston Oil Co.

J. V. Vandenberge, Jr., of Victoria, for appellee Pratt-Hewit Oil Corp.

FLY, C. J.

This suit was filed by W. E. Hewit, as a stockholder in the Pratt-Hewit Oil Corporation, a corporation chartered by the state of Delaware, against Pratt-Hewit Oil Corporation, J. E. Sharp, Paul F. Meier, Andrew Steel, F. R. C. Lintner, and Thomas H. Pratt, directors of the corporation, and the Houston Oil Company of Texas, to cancel and set aside certain contracts made by the Pratt-Hewit Corporation and the Houston Oil Company by which the former transferred to the latter one-half of all properties, leases, and otherwise owned and controlled by the former, and to place the former corporation in possession of the properties. The suit is really a stockholders' bill to protect their interests in the corporation property. Other stockholders came in and joined in the prosecution of the suit. Pleas in abatement to the pleadings of the plaintiff and interveners were sustained, and the cause dismissed.

The court filed certain findings of fact which show that the Pratt-Hewit Corporation was chartered in the state of Delaware, and that the plaintiff and interveners were stockholders therein.

We copy from the findings of fact as follows:

"That the plaintiffs and intervener plaintiffs in this case are stockholders of the Pratt-Hewit Oil Corporation, * * * duly incorporated under the laws of the State of Delaware. * * *

"Said Pratt-Hewit Oil Corporation has never filed with the Secretary of State of the State of Texas, a certified copy of its Articles of Incorporation as provided and required by article 1529 of the Revised Statutes of Texas; and a permit to transact business in the State of Texas has never been issued to said Pratt-Hewit Oil Corporation.

"Shortly after said Pratt-Hewit Oil Corporation filed its Articles of Incorporation in the State of Delaware, it became the owner of numerous oil, gas, and mineral leases, and wells thereon, and of personal property consisting of drilling tools, engines, boilers, piping, fittings, and machinery, constituting complete equipment of oil and gas wells, all said lands and properties being situated in Refugio County, Texas; all of this property was acquired by said Pratt-Hewit Oil Corporation prior to September 28, 1925.

"A substantial portion of said lands upon which said leases existed had by the Pratt-

Hewit Oil Corporation been proven as gas producing in paying quantities; and said Pratt-Hewit Oil Corporation was organized for the purpose of developing said lands and for operating in the production and sale of oil and gas for profit.

"Said Pratt-Hewit Oil Corporation in carrying on the business for which it was organized upon the lands and leases acquired by it in Refugio County, Texas, drilled oil and gas wells; employed labor, purchased drilling equipment, machinery, boilers, piping, fittings, tools, and all equipment generally and commonly used in drilling and exploring for oil and gas; built houses upon its lands and leases; bought and paid for groceries and other supplies; opened and kept bank accounts in the Town of Refugio; borrowed money; entered into various characters of contracts; built pipe lines; erected derricks, completed wells, some dry holes and others producing wells; produced and saved gas, and generally transacted and did the business incident and necessary to the development of oil and gas leases, drilling wells thereon, saving and selling production therefrom. This was all done after the date of its incorporation and prior to September 28, 1925, and in Refugio County, Texas.

"That on September 28, 1925, said Pratt-Hewit Oil Corporation and the Houston Oil Company of Texas entered into a written contract as set out in plaintiffs' petition, and that said contract was acknowledged on said date by all parties thereto before a Notary Public in Harris County, Texas; and that prior to the execution of this contract said Pratt-Hewit Oil Corporation had been doing and transacting business in the State of Texas in Refugio County, as more fully hereinabove stated.

"That at the time of the filing of this suit, this defendant, the Pratt-Hewit Oil Corporation, maintained an office in Harris County, Texas.

"That plaintiffs and intervener plaintiffs herein bring this suit as stockholders of and for the benefit of the Pratt-Hewit Oil Corporation."

The court found that, as the corporation had no permit to do business in Texas, no shareholder could bring a suit for it or a suit that might result in its benefit.

The general rule is that the property of a corporation belongs to it, and that it alone can bring a suit to preserve any right it may have or to redress any wrong perpetrated against it, and that the stockholder has no power or authority to sue for it or in

its name for any property of the corporation. The rule is well established and universally recognized. However, there is an exception to the rule, which has become as well established and as fully recognized as the general rule itself, and that is, when a corporation is wasting, destroying, or wrongfully and fraudulently dealing with its corporate property through a disloyal or dishonest directorate, thereby damaging the interests of the shareholders, and actually or virtually refuses to protect such interests through a suit, the stockholder may institute and prosecute a suit for the protection of the property of the corporation and incidentally the interests of the stockholders. Such suit is deemed to be for a corporation which cannot or will not go into courts to protect its property rights. When a suit is brought by a stockholder, the corporation must be made a party, usually a defendant, and, while any property thus recovered goes into the possession and control of the corporation, it may afterwards, if followed up by the stockholder, be set apart for his benefit and that of the other stockholders. This rule of justice and right cannot be impaired or destroyed by making a law requiring foreign corporations to obtain permits to engage in business in Texas, and denying them, in the absence of such permits, the right to enter the courts of the state to prosecute suits. Such a construction would license fraud and place the helpless stockholder in the clutches of leeches who would drain his life blood. The law should not be so warped and distorted as to place men in positions of trust in an armored car to ride over and destroy the rights of stockholders. No such condition of affairs is contemplated by the statute, and courts of equity will not be closed to the cries of the wronged and oppressed.

This opinion is fortified and sustained by Pomeroy, Eq. Jur. vol. 3, § 1095, based upon numerous decisions of federal and state courts, among the latter being the case of Evans v. Brandon, 53 Tex. 56.

There need be no fear that the application of the equitable principles herein announced will impair or weaken the law requiring permits to be obtained before engaging in business in this state, but, on the other hand, it strengthens the law by not permitting it to be used as a fortification for disloyal directors and as a cover for fraud and deception. Texas will not close her courts on baseless technicalities against those seeking justice in the name of conscience and morality.

The judgment will be reversed and remanded, to be tried according to the principles herein enunciated.