### SCHWARTZ v. MIMS et al.
· No. 8629.

Court of Civil Appeals of Texas. San Antonio. June 10, 1931.

Rehearing Denied July 8, 1931.

R. R. Mullen, Jr., of Alice, and N. A. Rector, of Laredo, for appellant.

Bismark Pope, M. J. Raymond, and Gibson & Blackshear, all of Laredo, for appellees.

SMITH, J.

H. D. Schwartz is prosecuting this action against R. K. Mims and other individuals,

alleging that the defendants, as officers of the First State Bank & Trust Company, a Laredo banking corporation, fraudulently converted the assets and earnings of said corporation to their own uses; that by those acts the corporation was rendered insolvent and forced into liquidation by the state banking commissioner; that plaintiff owned 630 shares of said capital stock, which, but for said acts, had a market value of $93,000, and, because of said acts, had been rendered worthless. The plaintiff sought, individually, to recover of the defendants damages for the depreciation in the value of his stock, as well as upon other elements of damage not necessary to mention here. The plaintiff alleged that the corporation and its directors had failed and refused to bring this action against 'the defendant, and that by reason thereof plaintiff maintains the suit in his own behalf as a stockholder, as well as in behalf of all other stockholders in his class who may intervene to protect their interests. He did not implead the corporation, or seek to recover for or in its behalf, but sought only to recover directly in his own behalf. The trial court sustained the general demurrer to Schwartz' petition, and he has appealed.

It may be said, generally, that there is no privity between the officers and the stockholders of a corporation, for the former are agents of the corporation and not of the stockholders. If by their malfeasance officers wrongfully lose or misappropriate the assets of the corporation, the right of recovery therefor is in the corporation. Any money so recovered would become assets of the corporation, and should be applied first to the payment of its debts, and the excess only distributed to the stockholders.

It is well settled, however, that, where the corporation refuses in such case to bring suit against the offending officers, then individual stockholders may bring an equitable proceeding against the guilty ones to protect the corporation as trustee for all its stockholders and creditors. Morse, Banks & Banking (5th Ed.) § 717; 7 C. J. p. 569, § 177; 3 R. C. L. p. 466, § 96; Evans v. Brandon, 53 Tex. 56; Cates v. Sparkman, 73 Tex. 621, 11 S. W. 846, 849, 15 Am. St. Rep. 806; Becker v. Ry., 80 Tex. 486, 15 S. W. 1094, 1098; Barthold v. Thomas (Tex. Com. App.) 210 S. W. 506; Hewit v. Oil Corp. (Tex. Civ. App.) 35 S.W.(2d) 787.

In such case the stockholder has no right of action for direct recovery of damages in his individual behalf, and, where his petition sets up such a cause of action only, it is bad on general demurrer, according to the authorities last cited. In the case of Evans v. Brandon, supra, which is precisely in point with the present case, it was said by our Supreme Court that "a fatal defect in the plaintiff's petition, both original and amended, is, that it seeks no recovery in behalf of the corporation, but seeks a direct recovery of damages for the plaintiff individually, the case stated not entitling him to such a recovery." Such is the case stated here by appellant, and the trial court therefore did not err in sustaining the general demurrer.

In any event, under the allegations in appellant's petition, wherein he seeks only direct recovery in his own behalf, the corporation was an indispensable party, and appellant's failure to implead it was fatal to his suit. Pom. Eq. (3d Ed.) §§ 1094, 1095; Barthold v. Thomas, supra; Hewit v. Oil Corp., supra.

The judgment is affirmed.