SIMON MEYERS v. HASSEL M. SMITH AND OTHERS.[1]

November 17, 1933.

No. 29,570.

[1]Reported in 251 N. W. 20.

158

*John P. Kyle,* for appellant.
*Grimes & Toensing,* for respondent.

*PER CURIAM.*

The defendant Cedar Lake Ice & Fuel Company, a corporation, appeals from an order of the trial court striking out the affirmative defenses pleaded in its separate answer to plaintiff's complaint.

The action is brought by plaintiff, a minority stockholder of the corporation, to recover for and on behalf of the corporation large sums of money claimed to have been misappropriated and wrongfully expended by the defendants Hassel M. Smith and James H. Ellison out of the funds of the corporation. These two defendants were, during the time here in question, and are now directors of the corporation, and Ellison was and is president, and Smith vice president and treasurer thereof. By a voting trust agreement, entered into by these two defendants with the Northland Investment Company, it is alleged, and so appears, that these two defendants, Smith and Ellison, have power to vote a majority of the stock of the corporation and actually control the business, funds, and affairs thereof. It is alleged in the complaint that one other director, owning ten shares of stock out of the 20,000 shares outstanding, and three other men owning no stock and acting only as dummy directors, were elected by Smith and Ellison, and that any demand that the suit be brought by the corporation would be futile.

The action was originally brought against Smith and Ellison as defendants. Thereafter, on objection by said defendants to the nonjoinder of the corporation as a party, the corporation, Cedar Lake Ice & Fuel Company, was joined as defendant and interposed an answer, by John P. Kyle, as its attorney. This answer contains a number of admissions of allegations contained in the complaint,

then a general denial of all allegations of the complaint except as so admitted. The answer then sets up a number of affirmative defenses which the defendants Smith and Ellison may have or claim to the causes of action alleged against them in the complaint. These are the alleged defenses stricken out by the order appealed from.

The complaint sets up no cause of action against the corporation and asks no relief against it. The corporation stands practically in the same position as if it were the plaintiff. The action is for the benefit of the corporation and its stockholders. It is brought by plaintiff as a stockholder because, the two individual defendants being in control of the corporation, it would be futile to ask or attempt to have them bring an action against themselves by the corporation. The corporation is a nominal party only. It was properly joined as a party for the protection of the defendants, so that when final judgment herein is entered the two individual defendants may be thereby protected from a second suit on the same causes of action brought by the corporation in case the control of the corporation should pass from these two defendants into the hands of others. But that does not vest in the corporation the right here to step in and, by answer, attempt to defeat what is practically its own suit and causes of action. Nor have the two individual defendants, in control thereof, any right to use the corporation for any such purpose or to impose on the corporation the burden of fighting their battle.

We agree with the trial court that the defenses stricken out were irrelevant and obnoxious to any issue tendered or to be litigated as to the corporation.

Order affirmed.