**PROVIDENTIAL INVESTMENT CORPO-RATION, Relator,**

v.

**Honorable C. G. DIBRELL et al., Respondents.**

**No. 13431.**

Court of Civil Appeals of Texas.

Houston.

Feb. 6, 1959.

Butler, Binion, Rice & Cook, Jack Binion, Carl G. Mueller, Jr., Talmage M. Guy, and Cyril J. Smith, Houston, for relator.

Thomas J. Lykos, Houston, for respondents William H. Hake, Leo Braun, Carrie Braun, W. M. Bradshaw, E. L. Buckley, C. A. Buckley, Evelyn H. Hake, Milford Kuhn, Lucy Kuhn, Henry Lorber, Thomas Lytle, Charles McCabe, Ben E. Rothstein and Lon E. Spann.

R. L. Britton, Houston, for respondents Carlos Panzarella, C. Y. Bradshaw, Frederick H. Christensen, Phyllis M. Corrick, E. W. Corrick, Eula Gene Erwin, B. E. Erwin, Olivia Kuhn, a feme sole, C. T. McMains, Edwin H. Schaffer, Lawrence R. Smith, Hiram P. Wheeler and Guy Willis.

Leonard Rosenberg, Houston, for respondent Louis Romano.

BELL, Chief Justice.

This is an original proceeding in which the relator seeks a writ of mandamus against the Honorable C. G. Dibrell requiring him to fix a supersedeas bond in Cause No. 516,568 which has been tried in the 127th District Court of Harris County. After judgment appointing a receiver pendente lite for relator and injunctions against its officers and stockholders, relator and the other defendants gave notice of appeal to this Court. Relator has put up a cost bond. It filed a motion with the Honorable C. G. Dibrell, the trial judge, asking

that he fix the amount of a supersedeas bond. This the trial judge refused to do because, as he asserts in his response filed in this Court in answer to the relator's application for writ of mandamus, it was his opinion the relator for whom a receiver had been appointed should not be classified as an appellant desiring to suspend the execution of judgment because the judgment appointing a receiver for it was not adverse to it but was in fact for its benefit and protection.

The main suit was filed in the District Court by the respondents, other than Judge Dibrell, as minority stockholders of Providential Investment Corporation, against the corporation, its officers, directors, certain stockholders holding the majority of the stock in said corporation, certain other corporations and their officers. It is unnecessary for purposes of this proceeding to detail all of the complaints made by the plaintiffs. It is sufficient to say that the plaintiffs as minority stockholders, suing for themselves and those similarly situated, bring a stockholders' bill complaining that the corporation is under the domination of M. A. S. Makris, the majority stockholder because all officers and directors are under his control and domination. Then follow allegations charging control of the corporation by certain individuals through illegal and fraudulent stock manipulation. Further, there are allegations of fraudulent use and disposition of assets of relator for the use and benefit of the controlling stockholders. The plaintiffs pray for an injunction against various parties to the suit, enjoining them from doing various acts. The directors and officers are enjoined from holding meetings and from disposing of assets of the corporation. No relief was given against relator, but a receiver pendente lite was appointed to take charge of its remaining assets with power to file suits to recover on causes of action existing in favor of the corporation.

▮ In oral argument relator suggested the allegations of the petition did not show

the stockholders were suing for the benefit of the corporation. We need not notice the petition other than as above noted. We think the petition suffices to show this is a true stockholders' bill in which the plaintiffs sue for the benefit of the Providential Investment Corporation. Becker v. Directors of Gulf City St. Ry., 80 Tex. 475, 15 S.W. 1094.

▮▮ We have jurisdiction to issue a writ of mandamus to require the trial judge to fix a supersedeas bond where, as here, notice of appeal has been given and a cost bond has been filed and approved. Our jurisdiction of the appeal has attached and we have authority to issue such writs as necessary to protect our jurisdiction and supersedeas, in a proper case, may be necessary to protect the object of an appeal. Joy v. Joy, Tex.Civ.App., 153 S.W.2d 180, error dism.; Weatherford v. National Life Ins. Co., Tex.Civ.App., 78 S.W.2d 992; Houtchens v. Mercer, 119 Tex. 244, 27 S.W. 2d 795.

Relator relies upon the following authorities as supporting its view that a judgment appointing a receiver may be superseded and that it is a trial court's duty to allow supersedeas by fixing a bond. Rules 364 (e), 385(a), Texas Rules of Civil Procedure; Shell Petroleum Corp. v. Grays, Tex.Com.App., 122 Tex. 491, 62 S.W.2d 113; Joy v. Joy, supra; Dinwitty v. McLemore, Tex.Civ.App., 291 S.W.2d 448, 452; Bell v. Bell, Tex.Civ.App., 204 S.W.2d 527; City of Houston v. Southwestern Bell Tel. Co., Tex.Civ.App., 263 S.W.2d 169; Houtchens v. Mercer, 119 Tex. 244, 27 S.W.2d 795.

▮▮ We do not differ from the holdings in any of those cases. A judgment appointing a receiver is an appealable one, appealable by the person adversely affected by the order. Too, in a case involving the appointment of a receiver, the person entitled to appeal because adversely affected is entitled to supersede the judgment. Where the trial court refuses to fix the

amount of the supersedeas, he may be compelled to do so by mandamus.

The real questions here are whether the relator is by the appeal entitled to complain of the receivership in the light of the nature of this proceeding and is entitled to put up a supersedeas.

We have concluded that relator is not entitled to complain of the receivership and its filing a supersedeas bond would be a meaningless thing.

In a case of this nature the plaintiff stockholders do not sue on a cause of action belonging to them as individuals. They sue in a representative capacity on a derivative cause of action. The cause of action belongs to the corporation. Barthold v. Thomas, Tex.Com.App., 210 S.W. 506; Pratt-Hewit Oil Corp. v. Hewit, 122 Tex. 38, 52 S.W.2d 64; Hildebrand, Texas Corporations, Vol. 3, Sec. 773, pages 220–222. The real party at interest is the corporation though it may be formally aligned as a defendant. It is a necessary party to the suit so that it will be bound by the judgment so that it may not later subject the defendants to a second suit. Barthold v. Thomas, supra. The reason it appears formally as a defendant is because it is under the control of persons charged with the wrongs complained of in the suit and refuses to act. This gives the shareholders the right to act for its benefit.

Dean Hildebrand, in his work Texas Corporations, Vol. 3, Sec. 773, at page 221, says: "It (the corporation) is a necessary party defendant * * * although, in truth, the plaintiff." Again in Section 775, at pages 225–226, the same author says: "In fact while the corporation is on the record a defendant, in substance the corporation is actually the plaintiff."

Realistically the controversy is between the corporation and the fraudulently acting officers and directors. It is really the complainant in the suit. See Solimine v. Hollander, 129 N.J.Eq. 264, 19 A.2d 344; Meyers v. Smith, 190 Minn. 157, 251 N.W. 20.

The receiver when appointed in the case was appointed in response to the request of those acting for it. Too, a trial judge who has heard the evidence has determined on a basis of the evidence that the corporation is helpless to act because of the wrongful acts of its officers, directors and controlling stockholders. The receiver was appointed to protect the corporation. The judgment is in its favor, not adverse to it. A party on appeal cannot complain of action by the court that is favorable to it.

Again, let us see what the practical effect of a supersedeas by the corporation in this kind of a suit would be. The named plaintiffs sue for the corporation. Their recovery can be only for the corporation. They would be the obligees in the bond. The obligors in the bond would be the corporation and the surety. The corporation is in fact but indemnifying itself. Let us suppose that the receivership is superseded. Then let us suppose the wrongdoers violate the court's orders and on taking possession of the corporation dispose of its assets, or fail to bring suits to recover on causes of action until the statute of limitation has intervened. The plaintiffs thus suffer loss. There is really no principal on the bond to sue, because it is the corporation for whose benefit they sue. It is really a case of a person indemnifying itself. To allow supersedeas would be doing a meaningless thing.

The application for writ of mandamus requiring the respondent Dibrell to fix the amount of a supersedeas bond for relator is denied and for the same reasons the prayer for an injunction to prevent the receiver from taking charge of the assets is denied.

Relator has also asked that we fix a reasonable bond for respondents, other than Dibrell, under Rule 695–a, T.R.C.P. That rule requires that a person who obtains the appointment of a receiver put up a bond payable to the defendant in an amount fixed by the court to indemnify the defendant for all damages suffered by the defendant in case it is decided the receiver was

wrongfully appointed. In the instant case the trial court fixed bond in the amount of $10,000 which relator says is wholly inadequate. Relator says that from the allegations in respondents' petition alone it is shown the bond is inadequate. We do not have before us any statement of facts so we do not know what the evidence showed with regard to possible damage that might result should it be determined the appointment of a receiver was wrongful. The trial judge heard all of the facts. We are unwilling to say on a basis of pleading alone that the bond set by the trial judge who heard all of the testimony is insufficient. We are not sure of our authority to change the amount of the bond, but it is unnecessary for us to pass on this because, assuming such authority, we do not feel we can under the circumstances disturb the trial court's action.